**Helma R. PARKER**

v.

**Theodore N. PARKER.**

Supreme Judicial Court of Maine.

Argued April 29, 1991.
Decided June 12, 1991.

Donald E. Eames (orally), Eames & Sterns, Skowhegan, for plaintiff.

Robert E. Sandy, Jr. (orally), Sherman, Sandy & Lee, Waterville, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

McKUSICK, Chief Justice.

In this divorce action defendant Theodore Parker appeals from orders of the Superior Court (Somerset County, *Smith* and *Kravchuk, JJ.*) denying his motion for modification of the alimony award, granting two successive petitions of his former wife, plaintiff Helma Parker, for enforcement of that award, and granting the wife attorney fees for her defense of the appeals now consolidated. Finding no merit in either of the husband's two points on appeal, we affirm.

The parties married in 1964. The husband subsequently earned his chiropractic degree and opened a practice in Skowhegan. From that time until April 1988, the

wife was the full-time business manager of her husband's practice. In October 1987 she filed a complaint for divorce. During the next several months the wife conducted discovery through written interrogatories served upon the husband, but he conducted no discovery. After mediation failed, the divorce was scheduled for a contested hearing in Superior Court on May 10, 1988. On the day of the hearing the parties agreed on a settlement and presented the divorce to the court on an uncontested basis. Three days later the husband was notified that his checking account had been seized by the Internal Revenue Service for his nonpayment of taxes for the previous year. He then began a full audit of the finances of his practice. On August 23, 1988, the court (*Alexander, J.*) entered a judgment that *inter alia* awarded the wife alimony in the total amount of $85,000 payable over the next five years.

In September 1988 the wife filed a petition to enforce the alimony award. In October the husband moved to amend the judgment to reduce or eliminate the alimony award. In his motion he claimed for the first time that the wife had misrepresented the financial status of his practice and that on the day set for the contested hearing he entered into the settlement agreement in reliance on her earlier misrepresentations. On October 13, 1989, the court (*Smith, J.*) denied the husband's motion to modify the alimony award, finding that he had failed to make the necessary showing of a substantial change in circumstances following the August 1988 judgment, and it granted the wife's petition for enforcement and ordered the husband to pay the arrearages in alimony. That October 13, 1989, order became final upon the entry in June 1990 of findings of fact made by the court in response to the husband's timely motion. The husband then filed a timely appeal to this court.

In December 1989 the wife had filed a further petition to enforce the alimony award and to hold her husband in contempt. The court (*Kravchuk, J.*) issued an order in July 1990 for the husband to pay the then accumulated arrearages in alimony, but denied the contempt motion. On July 30, 1990, the wife moved for attorney fees for her defense of the husband's appeal. The court awarded her $1,500. The husband took timely appeals from both of those other orders as well, and all the appeals are here consolidated.

## I.

### *Denial of Modification of Alimony Award*

■ The husband failed to file a motion for a new trial or to amend the judgment within 10 days after the entry of judgment as required by M.R.Civ.P. 59. Nor was he willing to base his claim for modifying the divorce judgment upon M.R.Civ.P. 60(b) because he wanted to change nothing except the alimony award. The court appropriately denied the husband's belated effort to amend his motion at the conclusion of the motion hearing. Thus, the husband presented his request to the Superior Court for modification of the alimony award as a motion under M.R.Civ.P. 80(j) and 19 M.R.S.A. § 721 (1981), requiring him to establish a substantial change in circumstances. The court was not compelled to find that he sustained that burden. We review the trial court's decision on the question of modification of alimony only for an abuse of discretion, according "unusual deference" to the court's determination. *Williams v. Williams*, 444 A.2d 977, 980 (Me.1982). In the case at bar, the husband failed to demonstrate any change in circumstances that would warrant a reduction in alimony. His argument that there was such a change hinges on his allegations that the wife had misrepresented the financial status of his practice so that he was unaware of the extent of his indebtedness. Even if his allegations were true—something that the court refused to find as a fact—his financial circumstances were the same all along, and at most all that changed was his awareness of the situation. Plainly the husband's appeal fails on its first point.

## II.

### *Wife's Attorney Fees on Appeal*

■ We turn now to the Superior Court's award to the wife of attorney fees

for the consolidated appeals. We review that award for abuse of discretion. *See Most v. Most,* 477 A.2d 250, 263 (Me.1984). The court may make an award of attorney fees pending a divorce action or a petition to enforce an award of alimony to enable a spouse to prosecute or defend against the same. *See* 19 M.R.S.A. § 693 (Supp.1990) ("pending a divorce action, the court may order either spouse to pay to the other spouse, or to the attorney for the other spouse, sufficient money for the defense or prosecution thereof"); 19 M.R.S.A. § 722(2) (1981) ("pending a petition to enforce a decree of alimony ... the court may order either spouse to pay to the other spouse or to his counsel sufficient money for the prosecution of or defense against the petition"). The language of both section 693 and section 722(2) is broad enough to encompass the defense against a pending appeal in a divorce case. *Cf. Dolan v. Dolan,* 259 A.2d 32, 39–40 (Me.1969) (applying section 693 to appeal from denial of annulment). Whether the award of prospective attorney fees in the case at bar is considered to have been granted the wife to defend against her husband's appeal from the Superior Court's denial of his motion to modify or against his appeal from its grant of her petition to enforce the unmodified alimony decree, we find no reversible error in the award. Although it is generally better practice to reserve the allowance of appellate attorney fees until after the appeal has run its course, the advance award made in the case at bar fell well within the allowable discretion of the trial court.

The entry is:

Judgments affirmed.

All concurring.