1997 ME 37

**Jacqueline A. CHEOROS**

v.

**William G. CHEOROS.**

Supreme Judicial Court of Maine.

Submitted on Briefs Feb. 14, 1997.

Decided March 7, 1997.

---

Edward S. David, Joyce, Dumas, David & Hanstein, P.A., Farmington, for plaintiff.

Burton G. Shiro, Charles Reeves, Shiro & Shiro, Waterville, for defendant.

CLIFFORD, Justice.

[¶ 1] William Cheoros appeals from a judgment entered in the Superior Court (Franklin County, *Alexander, J.*), finding him liable for attorney fees incurred during an appeal previously brought from the Superior Court to the Law Court. On appeal, William argues that the Superior Court lacked jurisdiction to rule on attorney fees because the Law Court did not remand the case to the Superior Court. We disagree and affirm.

[¶ 2] On April 5, 1995, while an appeal between the two parties was pending in the Law Court, Jacqueline filed a motion in the Law Court for attorney fees for defending the appeal. On December 26, 1995, we issued a summary order of affirmance in Jac-

queline's favor without expressly remanding the matter to the Superior Court for consideration of attorney fees. On March 5, 1996, however, Jacqueline's counsel submitted an affidavit to the Superior Court in regard to the attorney fees. William's counsel objected on jurisdictional grounds. On April 4, 1996, the court, after a hearing, concluded that Jacqueline was entitled to attorney fees in the amount of $2,313.10, and that William had the ability to pay. On April 9, 1996, William moved pursuant to M.R.Civ.P. 52(a) for findings of fact and conclusions of law, and the court subsequently denied the motion. This appeal followed.

[¶ 3] William, citing several cases, argues that the Superior Court may not consider a motion to award attorney fees for an appeal when the Law Court disposes of the case without remanding it to the Superior Court. *See Raymond v. Raymond,* 480 A.2d 718, 726 (Me.1984); *Boyd v. Boyd,* 421 A.2d 1356, 1359 (Me.1980); *Prue v. Prue,* 420 A.2d 257, 260 (Me.1980); *Bryant v. Bryant,* 411 A.2d 391, 396 (Me.1980). We are unpersuaded by William's contentions. Attorney fees in divorce cases for appeals to the Law Court are allowed pursuant to 19 M.R.S.A. §§ 693, 722 (1981 & Supp.1996). *Parker v. Parker,* 598 A.2d 446, 448 (Me.1991); *see also Cooley v. Powell,* 544 A.2d 752, 753 (Me.1988) (paternity proceeding). Maine Rule of Civil Procedure 54(b)(3), effective March 1, 1994, provides:

(3) When final judgment has been entered on all claims except a claim for attorney fees, an application for the award of attorneys fees shall be filed within 60 days after entry of judgment if no appeal has been filed. *If an appeal has been filed, the application may be filed and acted upon in the trial court at any time after entry of the judgment appealed from and in any case shall be filed not later than 30 days after final disposition of the action.* An application for attorney fees shall ordinarily be acted upon by the justice or judge who rendered the judgment on the merits.

(emphasis added).[1] The rule provides that the motion for attorney fees may be filed at

---

1. The Advisory Committee note states in part that    "[i]f there is an appeal, the application may be

"any time" after entry of the judgment, and the rule does not contain as a necessary condition that the Law Court remand the case or give the Superior Court explicit directions in order for the Superior Court to retain jurisdiction.

[¶ 4] Although the motion for attorney fees should have been filed in the trial court instead of the Law Court, William's argument exalts form over substance. William knew that attorney fees were being sought for the appeal before disposition of the appeal in the Law Court, and the record reflects no objection to the filing of the motion in the Law Court. Both parties understood that Jacqueline would seek an award of attorney fees in the Superior Court after the appeal had run its course. Moreover, Jacqueline timely filed her motion because Rule 54(b)(3), in direct contrast to the local federal rule, plainly states that filing before the disposition of the appeal is allowable. Finally, and most importantly, William has never argued in the alternative that the amount sought was unreasonable. We view the improper filing of the motion in the Law Court as a minor procedural irregularity in the particular circumstances of this case. Because all parties had notice that attorney fees were being sought for the appeal, and no harm exists by treating the filing in the Law Court as cognizable in the Superior Court, attorney fees in this case properly were awarded.

The entry is:

Judgment affirmed.

filed at any time between entry of judgment and 30 days after final disposition of the case, which ordinarily will be the entry of judgment in the lower court after receipt of the mandate ... Rule 54(b)(3) is similar to Rule 32 of the Local Rules of the United States District Court for the District of Maine." *See* Me.Rptr. 636–644 A.2d XXXII. United States District Court Local Rule 32 states:

An application for attorneys' fees in those cases in which fees have been contracted for or in any case in which no notice of appeal has been filed shall be filed within 60 days of entry of judgment.

An application for fees in all other cases shall be filed within 30 days of the disposition of the appeal. A claim for fees filed before the final disposition of any appeal shall have no effect and a new application must be filed within the prescribed time as described herein.

The Court will not act on any application that is untimely filed.