2008 ME 126

**Ernest W. MARSHALL**

v.

**Katherine M. WEBBER.**

Supreme Judicial Court of Maine.

Submitted on Briefs: June 30, 2008.

Decided: July 29, 2008.

Katherine M. Webber, Esq., Bremen, ME, pro se.

Dennis Culley, Esq., Augusta, ME, for Ernest W. Marshall.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, SILVER, MEAD, and GORMAN, JJ.

PER CURIAM.

■ [¶ 1] Katherine M. Webber appeals from a judgment of the District Court (Wiscasset, *Tucker, J.*) that included an award of attorney fees and costs in favor of Ernest W. Marshall, her former tenant, in a post-eviction personal property dispute following a trial and a later hearing on damages. Although Webber contests the factual findings of the court, she has not supplied a transcript of either hearing as part of the record on appeal. *See* M.R.App. P. 5(b)(2)(A) (requiring a transcript of all evidence relevant to findings or conclusions that are challenged on appeal as unsupported by, or contrary to, the evidence). Webber bears the burden of providing us with a record sufficient to allow consideration of her arguments. *See*

*NCO Portfolio Mgmt., Inc. v. Folsom,* 2007 ME 152, ¶ 6, 938 A.2d 24, 26. In the absence of an adequate record, we "must assume that the trial court made its findings based on evidence sufficient to support its decision." *Id.* (quotation marks omitted). There is no error in the existing record before us.

■ [¶ 2] Webber, an attorney admitted to the Maine bar, represented herself at trial and continues to do so on appeal. While her primary role in this case is that of a party, in conducting her own defense and prosecuting this appeal she also acted in her capacity as an attorney and as an officer of the court. In its final judgment, the trial court found, with ample justification, that:

> The fees in this matter were unnecessarily high for [Marshall], largely due to the inability of [Webber] to handle this matter in a detached and efficient manner. [Webber's] effort to save herself attorney fees, and represent herself, generated considerable unnecessary paperwork, confusion and delay, and thus led directly to increased unnecessary litigation costs for [Marshall].

[¶ 3] This finding justified the imposition of partial attorney fees and costs by the court, even if Webber were not an attorney. *See Wooldridge v. Wooldridge,* 2008 ME 11, ¶ 12, 940 A.2d 1082, 1085 ("[A]warding attorney fees to one party because the other party has unnecessarily prolonged the litigation is well within a court's discretion.").

■ [¶ 4] We are not required to blind ourselves to the fact that Webber is a licensed attorney, however. As such, she is, or should be, well aware that our rules and most basic precedents in the area of appellate practice require a transcript of hearings when a court's findings or conclusions derived from the evidence are chal-

lenged on appeal. M.R.App. P. 5(b)(2)(A); *see NCO Portfolio Mgmt., Inc.,* 2007 ME 152, ¶ 6, 938 A.2d at 26. Notwithstanding the repeated assertions in her brief that a transcript is unnecessary, Webber's failure to produce a transcript as part of the record here renders her appeal frivolous, and leads us to conclude that it was instituted primarily for the purpose of further delay. Accordingly, we award to Legal Services for the Elderly its actual costs and attorney fees incurred as a result of this appeal, to be determined by the District Court. *See* M.R.App. P. 13(f).

The entry is:

Judgment affirmed. Remanded to the District Court for final determination of Ernest W. Marshall's actual costs and assessment of attorney fees to be awarded to Legal Services for the Elderly.