2008 ME 173

**Julia J. (St. James) EDWARDS**

v.

**Robert B. CAMPBELL Jr.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Oct. 2, 2008.
Decided: Nov. 25, 2008.

Robert Campbell, Falmouth, ME, pro se.

Dori F. Chadbourne, Esq., Kathleen M. Meek, Esq., Chadbourne Law Offices, P.A., Portland, ME, for Julia (St. James) Edwards.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, SILVER, MEAD, and GORMAN, JJ.

PER CURIAM.

[¶ 1] Robert B. Campbell Jr. appeals from a judgment of the District Court (Portland, *Powers, J.*) dismissing his motion for reconsideration of a contempt order issued in regard to visitation with one of the parties' minor children in connection with his 2006 divorce from Julia J. (St. James) Edwards. Campbell contends that the court lacked subject matter jurisdiction over one of the issues involved in the contempt order, and that the court's order is not supported by sufficient record evidence. We affirm the judgment.

## I. BACKGROUND

[¶ 2] The present matter involves a highly contentious ongoing custody and visitation dispute between the parties. Edwards and Campbell were married in 1989 and have two minor children. The parties agreed on a divorce judgment entered in the District Court (South Paris,

Lawrence, J.) on May 1, 2006. Among the many provisions of the divorce judgment, the parties agreed to share parental rights and responsibilities, with primary physical residence of the children to be with Campbell, and Edwards to have reasonable rights of visitation.

[¶ 3] Between December of 2007 and January of 2008, Edwards filed the three contempt motions in the District Court (Portland) that are before us in this appeal, alleging that Campbell violated prior court orders by sending her prohibited emails, refusing and altering her scheduled court-ordered visitation, harassing her, and refusing to implement a court-ordered safety plan.[1] Following a hearing, the court found that Campbell violated the terms of the divorce judgment on two separate weekends by interfering with Edwards's regularly scheduled visitation with one of the children. The court also noted that Campbell exhibited "intentional and longstanding behavior" of "interfering with [Edwards's] parental rights," and characterized Campbell's compliance with visitation provisions as "abysmal." Finally, the court found that Campbell had failed to provide Edwards with an accounting of the children's trust in violation of a provision incorporated into the divorce judgment.

[¶ 4] Based on these findings, the court held Campbell in contempt of the divorce judgment. To purge the contempt, the court ordered Campbell to pay $200 to Edwards by March 31, 2008, if he had not provided the trust accounting by then, and to pay Edwards $100 per day for every day thereafter that the trust accounting had not been provided. The court also ordered Campbell to agree to make-up visitation for the two visits with which Campbell had interfered, and imposed a

---

1. By order dated January 7, 2008, the court (*Stanfill, J.*) changed the venue from the District Court in South Paris to the District Court in Portland based on Campbell's move to Falmouth. Edwards lives in New Hampshire.

$500 fine for each such visitation request of Edwards's denied by Campbell. Finally, the court ordered Campbell to pay Edwards's attorney fees in the amount of $1000 as a "compensatory fine ... for continually requiring [Edwards] to incur legal fees on these contempt motions."

[¶ 5] The court denied Edwards's subsequent motion for partial reconsideration, and dismissed as untimely Campbell's subsequent motion for partial reconsideration. Campbell has appealed.

## II. DISCUSSION

[¶ 6] Campbell first contends that the court lacked subject matter jurisdiction to issue the contempt order as to the trust accounting, arguing instead that the Probate Court has exclusive jurisdiction over such matters. The subject matter jurisdiction of a trial court in divorce cases is a matter of law subject to de novo review. *Gutierrez v. Gutierrez*, 2007 ME 59, ¶ 13, 921 A.2d 153, 157.

[¶ 7] It is not disputed that the Probate Court has jurisdiction over the administration of trusts: "To the full extent provided in sections 3–105, 5–102 and 5–402 ... over all subject matter relating to ... trusts," the Probate Court "has full power to make orders, judgments and decrees and take all other action necessary and proper to administer justice in the matters which come before it." 18–A M.R.S. § 1–302 (2007). Notwithstanding the jurisdiction of the Probate Court in regard to trusts, the District Court has original exclusive jurisdiction over all actions for divorce, and to "hear and determine property matters between spouses," and is authorized to "make all necessary orders and decrees relating to these matters, to issue all necessary process to enforce the orders and decrees and to cause all the orders and decrees to be enforced." 4 M.R.S. § 152(11), (12) (2007).

[¶ 8] Campbell did not appeal the divorce judgment containing the provision to which he now objects, pursuant to which Campbell is required to provide Edwards with an accounting of the trust set up for the benefit of the parties' children. The court's order finding Campbell in contempt for failing to provide a trust accounting is not an act of trust administration, but rather is the court's effort to enforce its own prior unchallenged, and indeed agreed to, judgment obligating Campbell to provide such an accounting. The District Court has the authority, as well as the obligation, to enforce its own orders. *See Black v. Black*, 2004 ME 21, ¶ 12, 842 A.2d 1280, 1286 (noting the District Court's "inherent power to enforce a divorce judgment") (quotation marks omitted). Thus, there can be no serious contention that the District Court does not have subject matter jurisdiction to consider motions for contempt as to a party's failure to abide by a previous order of the same court. *See* M.R. Civ. P. 66(a) (discussing the court's "inherent and statutory powers ... to impose punitive and remedial sanctions for contempt"). It is clear that the District Court had subject matter jurisdiction to enter its contempt order.

[¶ 9] Campbell also argues that the court lacked sufficient evidence to support its finding that Campbell was in contempt of the divorce judgment by interfering with Edwards's parental rights. Contempt may be found with a party's "failure to comply with a lawful judgment." M.R. Civ. P. 66(a)(2)(A)(ii). The court's findings as to Campbell's noncompliance with the parties' divorce judgment are reviewed for clear error, and will be upheld unless there is no competent evidence in the record to support them. *See Carolan v. Bell*, 2007 ME 39, ¶ 12, 916 A.2d 945, 948.

 

[¶ 10] In this case, although the court conducted a testimonial hearing on the motions for contempt, and based its findings on the evidence presented at that hearing, Campbell has not provided us with either a transcript of those proceedings, or a statement of the evidence in lieu of a transcript pursuant to M.R.App. P. 5(d). Campbell, as the appellant, has the burden to provide the entire record necessary for appellate review. *See Marshall v. Webber,* 2008 ME 126, ¶ 1, 955 A.2d 751, 752. Campbell's failure to do so prevents us from reviewing the facts supporting the court's judgment. In the absence of the necessary record, we assume that the court's judgment is supported by sufficient competent evidence in the record. *See id.* Thus, we do not disturb the court's judgment.

[¶ 11] Moreover, we are persuaded that a portion of Campbell's appeal is frivolous. Pursuant to M.R.App. P. 13(f), we may award "treble costs and reasonable expenses, including attorney fees" if an appeal is "frivolous or instituted primarily for the purpose of delay." *See Wooldridge v. Wooldridge,* 2008 ME 11, ¶ 13, 940 A.2d 1082, 1085. In determining whether an appeal is frivolous, "[s]elf-represented litigants are held to the same standards as represented parties." *Id.*

[¶ 12] Although Campbell's contention regarding the subject matter jurisdiction of the District Court presents a colorable issue of law appropriate for appellate review, Campbell's argument regarding the sufficiency of the evidence supporting the trial court's findings as to visitation does not. The dispute over Campbell's interference with Edwards's parental rights is factual. Campbell, by not providing a transcript or statement in lieu thereof, has failed to present us with the record necessary for our review of those findings of fact. The result is further delay in resolution of the matter, contrary to the clear benefit of the children and in contravention of the plain terms of the divorce judgment. This action by Campbell is consistent with the District Court's finding that Campbell has a long history of intentional interference with Edwards's right of visitation. We therefore remand the matter to the District Court for assessment against Campbell of treble costs and for assessment of that portion of Edwards's attorney fees on appeal relating to her defense of Campbell's claim regarding the sufficiency of the evidence supporting the contempt order, a claim that is without merit and that is frivolous.

The entry is:

Judgment affirmed. Remanded to the District Court for assessment of treble costs and attorney fees against Robert Campbell consistent with this opinion.