2009 ME 48

**TOWN OF PORTER**

v.

**Clarence G. BLEVENS et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs: April 30, 2009.

Decided: May 12, 2009.

Clarence G. Blevens and Laurette Blevens, Candia, NH, pro se.

Durward Parkinson, Esq., Shari R. Sobel, Esq., Bergen & Parkinson, LLC, Kennebunk, for the Town of Porter.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, SILVER, and MEAD, JJ.

PER CURIAM.

[¶ 1] Clarence G. and Laurette A. Blevens appeal from a judgment of contempt entered by the District Court (Bridgton, *Powers, J.*) for the Blevenses' failure to comply with a prior contempt order and a prior judgment entered by consent upon the Town of Porter's Rule 80K complaint alleging violations of land use statutes, *see* 17 M.R.S. § 2802 (2008) (governing miscellaneous nuisances); 30–A M.R.S. §§ 3751–3753 (2008) (governing the permitting of junkyards and automobile graveyards), and the Town of Porter Land Use Ordinance §§ 3.4, 5.5, 5.17, 6.2, 6.12, and 8.2 (2006) (imposing permitting requirements and standards on junkyards, automobile graveyards, mobile homes, and additions). We affirm the judgment.

 [¶ 2] We discern no constitutional infirmity in the process that the Blevenses were afforded, *see GENUJO LOK Beteiligungs GmbH v. Zorn,* 2008 ME 50, ¶ 18, 943 A.2d 573, 579, and no illegality in the terms of the consent judgment that would render it void, *cf. Page v. Page,* 671 A.2d 956, 957–58 (Me.1996). Regarding all factual challenges, because the Blevenses have failed to provide an adequate record for review, *see* M.R.App. P. 5(d) (requiring, if a hearing was not recorded, a statement of the evidence approved by the trial court after an opportunity for the opposing par-

ty to object), it is impossible for us to review the court's contempt findings, and we assume that those findings are supported by sufficient competent evidence in the record. *See Edwards v. Campbell,* 2008 ME 173, ¶ 10, 960 A.2d 324, 327.

[¶ 3] In addition, the Blevenses failed to file items required to be included in the appendix—the docket entries, the contempt order from which they appeal, the Town's complaint, and the Town's motion for contempt. *See* M.R.App. P. 8(g)(2), (3), (4). "Failure to file an appendix may result in dismissal of an appeal or other sanction pursuant to M.R.App. P. 8(j)." *Boggs v. Berthiaume,* 2008 ME 169, ¶ 2, 959 A.2d 739, 740.

■ [¶ 4] The Town seeks sanctions in the form of attorney fees and costs pursuant to M.R.App. P. 13(f). Because the consent judgment provides for the Blevenses to pay attorney fees and costs for the Town's enforcement of that judgment, and because the Blevenses have twice been found in contempt and have instituted this appeal without complying with essential Rules of Appellate Procedure, we impose sanctions in the amount of the Town's costs associated with this appeal, including reasonable attorney fees.

The entry is:

Judgment of contempt affirmed. The Blevenses are ordered to pay the Town's appellate attorney fees and costs, to be calculated on remand after the Town submits an affidavit of attorney fees and costs to the trial court.