2009 ME 118

**Katrina T. SPRINGER**

v.

**David T. SPRINGER.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Oct. 14, 2009.

Decided: Dec. 8, 2009.

Patrick S. Bedard, Esq., Bedard & Bobrow, PC, Eliot, ME, for David T. Springer.

Amy B. McGarry, Esq., McGarry & Holmes, LLC, Wells, ME, for Katrina T. Springer.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, and GORMAN, JJ.

SAUFLEY, C.J.

[¶ 1]   Two years after the court entered a final divorce judgment between the parties, Katrina T. Springer moved to modify the child support provision, and David T. Springer responded with his own motion to modify.   The District Court (York, *Janelle, J.*) held a hearing, which was not recorded,[1] and later entered a judgment that included findings based on evidence presented at the hearing.   David appeals and Katrina cross-appeals from the judgment entered by the court modifying the original divorce judgment.   The parties challenge the court's factual findings related to child support and the court's exercise of discretion related to attorney fees.   Because the parties have failed to provide an adequate record for appellate review, we must affirm the judgment.

## I.   RECORD ON APPEAL

[¶ 2]   The appellant bears the burden of providing an adequate record upon which the reviewing court can consider the arguments on appeal. *E.g., Clark v. Heald,* 2009 ME 111, ¶ 2, 983 A.2d 406, 407; *Edwards v. Campbell,* 2008 ME 173, ¶ 10, 960 A.2d 324, 327.   When a party challenges a court's factual findings or its exercise of discretion and a recording of the proceeding exists, an adequate appellate record must include a transcript of testimony taken at the relevant proceeding or a trial court-approved statement of the case agreed upon by the parties. M.R.App. P. 5(a)-(b), (f); *see Edwards,* 2008 ME 173, ¶ 10, 960 A.2d at 327; *Beane v. Me. Ins. Guar. Ass'n,* 2005 ME 104,

¶ 10, 880 A.2d 284, 286; *Taylor v. Lapomarda,* 1997 ME 216, ¶ 13, 702 A.2d 685, 689.

[¶ 3]   The Rules of Appellate Procedure give clear guidance for creating a record on appeal.   "The record on appeal shall consist of . . . the reporter's transcript of the proceedings, if any. . . ." M.R.App. P. 5(a).   In civil appeals, "[i]f the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion."[2]   M.R.App. P. 5(b)(2)(A).

[¶ 4]   In cases where a transcript is not available, the appellant can still create a reviewable record by providing to us, in lieu of a transcript, a statement of the evidence approved by the trial court.   M.R. App. P. 5(d).   The process for obtaining such a statement is found at Rule 5(d):

> **Unavailable Transcript.**   In the event a transcript of the evidence or proceedings at a hearing or trial cannot be prepared, appellant's counsel may prepare a statement of the evidence or proceedings from the best available means, including counsel's recollection, for use instead of a reporter's transcript.   This statement shall be served on appellee's counsel within 28 days after the filing of the notice of appeal.   Appellee's counsel may serve objections or propose amendments thereto within 7 days after service. Thereupon the statement and any objections or proposed amendments shall be submitted to the trial court for settlement and approval and, as settled

---

1.   Katrina filed a request for recording of the hearing.   The record does not indicate why the hearing was not recorded.

2.   In all civil proceedings, except child protective proceedings, if the hearing was electronically recorded and the appellant's application for waiver of the costs of preparing a tran-

script has been granted, and if the court finds that all or a portion of the transcript of the hearing is necessary to support the appeal, a copy of the recording shall be filed as part of the record, in lieu of a paper transcript.   M.R. Civ. P. 91(f)(2).

and approved, shall be included in the record on appeal.

*Id.*; *see Cates v. Donahue,* 2007 ME 38, ¶ 2, 916 A.2d 941, 942 (noting with approval the appellant and the court's implementation of Rule 5(d)).

[¶ 5] Whether or not a transcript is available, if the parties are able to agree, they may create a record on appeal by preparing and signing an agreed statement of the case that includes "a concise statement of the points to be relied on by the appellant." M.R.App. P. 5(f). "If the statement conforms to the truth and is sufficiently complete," the trial court shall approve the statement and then certify it to us as the record on appeal. *Id.*; *Beane* 2005 ME 104, ¶ 10, 880 A.2d at 286.

[¶ 6] We do not underestimate the difficulties in creating either an agreed upon Rule 5(f) "concise statement" to be approved by the court or a Rule 5(d) "statement of the evidence" to be approved by the court, particularly in the context of contentious proceedings. Nonetheless, the parties must provide such compilation of the facts for appellate review in the absence of a transcript.

[¶ 7] Therefore, to summarize, when an appellant asserts that a trial court's findings or conclusions are unsupported by the evidence, the appellant must provide an *adequate record* of the relevant proceeding. *See* M.R.App. P. 5(a), (b). To challenge factual findings, evidentiary rulings, or evidentiary bases for conclusions, if the

proceeding was recorded, an adequate record must include:

1. a transcript of the actual recording of the proceeding pursuant to M.R.App. P. 5(b);[3] or
2. a trial court-approved certified statement of the case upon the parties' agreement pursuant to M.R.App. P. 5(f).

If the proceeding was not recorded, the appellant must provide:

1. a trial court-approved statement of the evidence or proceedings pursuant to M.R.App. P. 5(d); or
2. a trial court-approved certified statement of the case upon the parties' agreement pursuant to M.R.App. P. 5(f).

[¶ 8] In this case, the parties could not provide a hearing transcript because the hearing was not recorded. Despite the provisions for creating a record in the absence of a transcript, the parties failed to provide an approved statement of the evidence or a certified agreed statement of the case. Accordingly, the record is not adequate for review, and we are bound to accept the court's factual findings and to assume that they are supported by sufficient competent evidence in the record.[4] *E.g., Town of Porter v. Blevens,* 2009 ME 48, ¶ 2, 970 A.2d 286, 286–87.

## II. SANCTIONS

[¶ 9] Pursuing an appeal without an adequate record is an unproductive exercise.[5] We urge all parties to ensure

---

3. Except as provided in Rule 91(f)(2).

4. In the absence of an adequate record, the parties here appear to assume that providing documents that were admitted at trial will suffice as an appellate record. It will not. When a court has heard testimony, we cannot base a review of the court's factual findings solely on an appendix of documents and exhibits. Without a transcript or statement in

lieu thereof to establish the testimonial record, it is impossible for us to determine the extent of the facts before the trial court, whether the trial court committed clear error or abused its discretion, and whether any claimed error was harmless.

5. Determination of the extent of the record needed on appeal must necessarily depend on the nature of the issues raised on appeal.

that an adequate record is available before wasting their own resources on an appeal. Moreover, taking an appeal without an adequate record wastes the resources of other parties as well as the court and renders an appeal frivolous. *Marshall v. Webber*, 2008 ME 126, ¶ 4, 955 A.2d 751, 753. Accordingly, in other cases we have assessed treble costs and attorney fees, pursuant to M.R.App. P. 13(f), against appellants whose failure to provide an adequate record has prevented us from undertaking appellate review. *E.g., Town of Porter*, 2009 ME 48, ¶ 4, 970 A.2d at 287; *Edwards*, 2008 ME 173, ¶ 12, 960 A.2d at 327.

[¶ 10] Although Katrina requests that we assess treble costs and attorney fees against David, she also had a burden to provide an adequate record for review as a cross-appellant. *Morton v. Miller*, 600 A.2d 395, 397 (Me.1991). Therefore, the parties are equally responsible for having pursued their appeals without providing an adequate record for review, and we do not impose sanctions pursuant to M.R.App. P. 13(f).

The entry is:

Judgment affirmed.

When factual findings are challenged, an adequate record will always require a transcript or the acceptable substitute.