2012 ME 17

**Darin R. GREATON**

v.

**Lisa A. GREATON.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Dec. 1, 2011.

Decided: Feb. 21, 2012.

Jeffrey T. Edwards, Esq., Preti Flaherty Beliveau & Pachios, LLP, Portland, for appellant Darin Greaton.

Daniel W. Marra, Esq., Marden, Dubord, Bernier & Stevens, Waterville, for appellee Lisa Greaton.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, MEAD, GORMAN, and JABAR, JJ.

SAUFLEY, C.J.

[¶ 1]  Darin R. Greaton appeals from a divorce judgment entered in the District Court (Augusta, *Sparaco, J.*) awarding shared primary residence of the parties' two children and ordering Darin to pay child support.  On appeal, Darin argues that the court erred in excluding the testimony of two of his expert witnesses and in quashing his subpoena of another witness. Darin does not identify how these errors affected the court's final judgment, nor did he file a transcript of the three-day hearing.  Accordingly, we affirm the judgment.

## I.  DISCUSSION

### A.  Standard of Review

[¶ 2]  There are two prerequisites to a successful appeal: first, the appellant must demonstrate that the trial court committed error, and second, the appellant must show prejudice caused by the error. *See* Alexander, *Maine Appellate Practice* § 401(a) at 213 (3d ed. 2008).  In examining for error and prejudice, our review is restricted to the record developed before the trial court.  *See* M.R.App. P. 5(a). When the record on appeal does not include a transcript of the proceedings, or a statement of the evidence or proceedings pursuant to M.R.App. P. 5(d), we will assume that the transcript would support the trial court's findings of fact and its rulings on evidence and procedure.  *See Springer v. Springer,* 2009 ME 118, ¶ 8, 984 A.2d 828;  *State v. Hughes,* 2004 ME 141, ¶ 7, 863 A.2d 266.

## B. Adequate Record for Appellate Review

[¶ 3] Because his appeal lacks an adequate record, Darin is unable to make the two showings required of an appellant: (1) that the trial court committed error; and (2) that the error was not harmless, *see* M.R. Civ. P. 61.

[¶ 4] "The appellant bears the burden of providing an adequate record upon which the reviewing court can consider the arguments on appeal." *Springer,* 2009 ME 118, ¶ 2, 984 A.2d 828. Depending on the judicial decision or action challenged on appeal, the record may be established through the presentation of the transcript, M.R.App. P. 5(b)(2), through an approved statement of the evidence or proceedings when a transcript is unavailable, M.R.App. P. 5(d), or by preparing an agreed statement of the case, M.R.App. P. 5(f).

[¶ 5] In this case, Darin filed his appeal without a transcript, despite the fact that the three-day hearing had been recorded. In his reply brief, Darin contends that the trial court's rulings that excluded his experts and quashed the subpoena were issued off the record and, therefore, the appendix filed with his appeal is an adequate substitute for the transcript. We find Darin's contentions unpersuasive.

[¶ 6] The parties have an obligation to create a record of objections to evidentiary rulings of the court, even if that record comprises only a summary of the arguments and rulings placed on the record after a chambers conference. If the trial court's rulings were not recorded, Darin should have availed himself of the option of creating a statement of the proceedings, approved by the trial court, pursuant to M.R.App. P. 5(d). Merely providing documents that were admitted at trial will rarely suffice to establish an adequate record for our review. *See Springer,* 2009 ME 118, ¶ 8 n. 4, 984 A.2d 828.

## C. Allegations of Prejudice

[¶ 7] In appealing a judgment, it is not enough to challenge procedural errors allegedly made by the trial court without also showing actual error in the judgment. The party must clearly set forth the alleged error that the court made that led to the portion of the judgment objected to on appeal. Darin challenges three discretionary rulings by the court; however, he has not identified how those rulings affected the court's judgment. Darin does not establish a correlation between the court's rulings and a specific outcome in the judgment that was adverse to his interests. Even if Darin could demonstrate error in the trial court's rulings, we could not find prejudice because he has not presented us with a specific finding in the court's judgment with which he takes issue. Thus, we have not been presented with a foundation for reversal.

## D. Sanctions

[¶ 8] Lisa seeks the imposition of sanctions pursuant to M.R.App. P. 13(f), asserting that the appeal is frivolous. As we have noted, taking an appeal without an adequate record, when review of the record could inform the issues raised on appeal, is not a good use of the resources of the parties or the Court. *See, e.g., Town of Porter v. Blevens,* 2009 ME 48, ¶¶ 2–4, 970 A.2d 286; *Edwards v. Campbell,* 2008 ME 173, ¶¶ 10–12, 960 A.2d 324; *Marshall v. Webber,* 2008 ME 126, ¶ 4, 955 A.2d 751; *Rothstein v. Maloney,* 2002 ME 179, ¶¶ 10–12, 816 A.2d 812. Although we decline to impose sanctions in this instance, on remand the trial court has the authority to address the cost of the appeal, including reasonable attorney fees. *See* 19–A M.R.S. § 105 (2011); *Cheoros v. Cheoros,* 1997 ME 37, ¶ 3, 690 A.2d 974.[1]

---

1. Before the adoption of title 19–A, we held that a trial court could award attorney fees in

Accordingly, we leave the determination of costs and attorney fees to the trial court on remand.

The entry is:

Judgment affirmed. Remanded to the District Court for determination, pursuant to 19–A M.R.S. § 105, of costs and attorney fees incurred by Lisa in defending this appeal.

divorce cases for appeals to the Law Court pursuant to 19 M.R.S.A. § 693 (1981 & Supp. 1996). *Cheoros v. Cheoros,* 1997 ME 37, ¶ 3, 690 A.2d 974. Section 904 of title 19–A replaced section 693 of title 19, P.L.1995, ch. 694, Pt. B, § B–2, and section 904(1) was itself later repealed by P.L.2005, ch. 323 § 5 (effective Sept. 17, 2005), which also enacted the current statute 19–A M.R.S. § 105 (2011). As with its predecessors, section 105 allows a trial court, after opportunity for a hearing, to order a party "to pay another party or another party's attorney reasonable attorney's fees, including costs, for participation in the proceedings." 19–A M.R.S. § 105(1).