MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2013 ME 18
Docket:      Pen-12-276
Argued:      December 13, 2012
Decided:     February 12, 2013

Panel:       SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, <u>MEAD</u>, GORMAN, and
             JABAR, JJ.

## GUARDIANSHIP OF HELEN F.

MEAD, J.

[¶1] Helen F. appeals from the judgment of the Penobscot County Probate Court (*Woodcock, J.*) adjudicating her to be incapacitated and appointing the Department of Health and Human Services (the Department) as her guardian and conservator. We vacate the judgment and remand the case for further proceedings.

## I. BACKGROUND

[¶2] In March 2012, the Department filed joined petitions in the Penobscot County Probate Court seeking the appointment of a public guardian and conservator for Helen. The court appointed an attorney to represent her and held a hearing on the joined petitions on May 10, 2012. The hearing was not recorded. The court issued its order adjudicating Helen incapacitated and appointing the Department as Helen's full public guardian and public conservator on May 11, 2012.

2

[¶3]  Helen appealed and filed a statement of the evidence pursuant to M.R. App. P. 5(d).  The Department objected to Helen's statement as being incomplete and proposed additional facts.  The Probate Court reviewed the statements and approved both of them, but noted: "By my recollection, the statements contain mostly accurate information, but I do not recall the details of the case."

## II.  DISCUSSION

[¶4]  Fundamental personal liberty interests are at stake in guardianship proceedings.  *Matter of Howes*, 471 A.2d 689, 691 (Me. 1984) ("The appointment of a guardian for an incapacitated person affects the fundamental personal liberty of the prospective ward.").  For Helen, these interests include losing her rights to care for herself, determine where she will live, make decisions regarding her medical care, and manage her assets.  The importance of these liberties cannot be overstated: "No right is held more sacred, or is more carefully guarded, by the common law, than the right of every individual to the possession and control of his own person, free from all restraint or interference of others, unless by clear and unquestionable authority of law."  *In re Gardner*, 534 A.2d 947, 950 (Me. 1987) (quoting *Union Pacific Ry. v. Botsford*, 141 U.S. 250, 251 (1891)).  Recognition of these fundamental rights in *Howes* led to the amendment of the probate code "so as to encourage the development of maximum self reliance and independence of the incapacitated person."  *Guardianship of Collier*, 653 A.2d 898, 900-01 (Me. 1995)

(quoting 18-A M.R.S.A. § 5-304(a) (Supp. 1994)). When a guardianship order is appealed, the availability of an adequate record is essential because, absent an accurate record, meaningful appellate review is impossible.

[¶5] As was the case here, where a hearing is unrecorded, M.R. App. P. 5(d) permits parties to prepare a statement of the evidence and submit it to the trial court for approval. *See, e.g., State v. Milliken*, 2010 ME 1, ¶ 11, 985 A.2d 1152. Once approved, the statement is included in the record on appeal. M.R. App. P. 5(d). The requirements of Rule 5(d) have not been met here because the statement of the evidence had not been approved by the Probate Court. Creating a Rule 5(d) record requires that the trial court review the statement of the evidence and remember the proceeding. *See Cates v. Donahue*, 2007 ME 38, ¶ 2, 916 A.2d 941 (noting that it was "good practice" for "[t]he court [to] review[] [appellant's] statement of the evidence, ma[k]e some modifications and additions to it based on its recollection of the proceedings, and approve[] the statement as modified."). The court's statement that it "do[es] not recall the details of the case" effectively invalidates the purported approval of the Rule 5(d) record. Accordingly, Helen's case is before us without any acceptable record of the proceedings below.

[¶6] We have held that appellants have the burden to furnish an adequate record for consideration on appeal and, in the absence of a record, we will assume

4

that the record would have supported the trial court's findings of fact. *See, e.g.,* *Greaton v. Greaton*, 2012 ME 17, ¶ 2, 36 A.3d 913; *Town of Porter v. Blevens*, 2009 ME 48, ¶ 2, 970 A.2d 286; *Clark v. Heald*, 2009 ME 111, ¶ 2, 983 A.2d 406; *Edwards v. Campbell*, 2008 ME 173, ¶ 10, 960 A.2d 324.

[¶7] We have recognized an exception to this general rule, however, in situations "where transcripts are unavailable through no fault of the appellant." *Milliken*, 2010 ME 1, ¶ 13, 985 A.2d 1152. In *State v. Dickinson*, for example, we held that the defendant should be resentenced because the court reporter lost his notes of the sentencing hearing and was unable to transcribe the hearing. 662 A.2d 202, 204 (Me. 1995). Likewise, the trial court's inability to remember Helen's case, and Helen's corresponding inability to provide an adequate statement of the evidence pursuant to M.R. App. P. 5(d), is no fault of Helen's. We therefore vacate the judgment and remand for a de novo adjudication of Helen's capacity.

The entry is:

> Judgment vacated. Remanded for further proceedings consistent with this opinion.

**On the briefs:**

Audrey B. Braccio, Esq., Pelletier & Faircloth, Bangor, for appellant Helen F.

William J. Schneider, Attorney General, and Katherine Greason, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

**At oral argument:**

Audrey B. Braccio, Esq., for appellant Helen F.

Katherine Greason, Asst. Atty. Gen., for appellee Department of Health and Human Services

Penobscot County Probate Court docket number 2012-193
FOR CLERK REFERENCE ONLY