MAINE SUPREME JUDICIAL COURT                          Reporter of Decisions
Decision:      2015 ME 41
Docket:        Yor-14-323
Submitted
 On Briefs:   February 26, 2015
Decided:       April 21, 2015

Panel:         ALEXANDER, MEAD, GORMAN, JABAR, and HJELM, JJ.

STATE OF MAINE

v.

SANFORD R. KING III

PER CURIAM

[¶1]  Sanford R. King III appeals from a judgment of conviction of unlawful possession of scheduled drugs (Class E), 17-A M.R.S. § 1107-A(1)(F) (2014), and an order of criminal forfeiture, 15 M.R.S. § 5826 (2014), entered by the trial court (*Foster, J.*) after a bench trial.  Because King did not submit a transcript of the trial and failed to include mandatory contents in the appendix, we dismiss the appeal.

I.  BACKGROUND

[¶2]   In January 2014, the State filed a complaint against King in York County, charging him with unlawful possession of scheduled drugs (Class D), 17-A M.R.S. § 1107-A(1)(D) (2014); unlawful possession of scheduled drugs (Class E), 17-A M.R.S. § 1107-A(1)(F); and cultivating marijuana (Class E), 17-A M.R.S. § 1117(1)(B)(4) (2014).   The complaint also petitioned for the

2

criminal forfeiture of a firearm pursuant to 15 M.R.S. § 5826. The court scheduled a bench trial for May 6, 2014. The trial was not held on that date, but the record does not reveal what occurred or otherwise indicate why the trial date was continued. Following a bench trial on July 8, 2014, the court entered a judgment dismissing the Class D possession and Class E cultivation charges, but convicting King of the Class E possession charge and ordering him to forfeit his firearm to the State. The court sentenced King to ninety-six hours in county jail and ordered him to pay a thirty-dollar fine.

[¶3]   King filed a notice of appeal, but did not request production of a transcript of the trial or submit a transcript substitute. *See* M.R. App. P. 2(a)(1), 5(b)(1), (d), (f). Although King filed an appendix with his brief, that appendix contains neither a docket record of the proceedings nor the orders by which the court continued the date for trial. *See* M.R. App. P. 8(g)(2)-(3).

## II.  DISCUSSION

[¶4]   The appellant bears the burden of persuasion on appeal and is responsible for providing the reviewing court with a record that is sufficient to allow fair consideration of the issues presented. *Clark v. Heald*, 2009 ME 111, ¶ 2, 983 A.2d 406 (per curiam); *State v. Barnard*, 2003 ME 79, ¶ 24 n.6, 828 A.2d 216. When the record does not include material necessary for consideration of an issue raised on appeal, the reviewing court may treat the issue as not preserved. *State v.*

*Ahmed*, 2006 ME 133, ¶ 16 n.3, 909 A.2d 1011; *State v. Dill*, 2001 ME 150, ¶ 10 n.5, 783 A.2d 646.

[¶5]  Pursuant to M.R. App. P. 2(a)(1), the appellant must file a transcript order form along with the notice of appeal.  In any appeal involving a challenge to the court's factual findings or discretionary decisions, if a recording of the proceeding exists, the appellate record must include a transcript of the relevant proceeding or an acceptable transcript substitute.  M.R. App. P. 5(a)-(b), (d), (f); *Springer v. Springer*, 2009 ME 118, ¶ 2, 984 A.2d 828.  In a criminal appeal, if the appellant does not specify otherwise, the standard transcript will include "the testimony of the witnesses at trial, any bench conferences and the charge to the jury."  M.R. App. P. 5(b)(1).  If a criminal appellant lacks the means to pay for the transcript, the appellant should petition for a determination of indigency and request a transcript at State expense.  *Id*.

[¶6]  Without a transcript or transcript substitute to establish a record of the evidence presented at trial, it is impossible for us determine whether that record supports the court's factual findings and discretionary decisions.  *Springer*, 2009 ME 118, ¶ 8 n.4, 984 A.2d 828.  If a criminal appellant does not provide us with a complete transcript of the testimony of witnesses at trial, we are unable to determine whether the evidence was sufficient to support the appellant's conviction.  *State v. Hughes*, 2004 ME 141, ¶¶ 9-12, 863 A.2d 266.

4

[¶7] In addition to the transcript, the appellant must submit an appendix. M.R. App. P. 8(a). The appendix in every appeal must contain certain documents, including a table of contents, a list of the docket entries in relevant proceedings, and a copy or transcript of each decision that is relevant to the issues presented. M.R. App. P. 8(g); *Hutchinson v. Bruyere*, 2015 ME 16, ¶ 6, --- A.3d ---. If an appellant fails to file a transcript or include mandatory contents in the appendix, the appeal may be dismissed. M.R. App. P. 4(c), 8(c)(5), (j).

[¶8] In this case, King challenges both the sufficiency of the evidence and the court's discretionary decisions to continue the date for trial. *See In re A.M.*, 2012 ME 118, ¶ 14, 55 A.3d 463 (explaining that the decision to grant a motion to continue is reviewed for an abuse of discretion). However, King did not submit a transcript of the trial that resulted in his conviction, and the appendix that he filed contains neither a docket sheet nor the orders by which the court continued the trial date. In the absence of these materials, we are unable to determine whether the evidence was sufficient to support King's conviction, or review the court's decisions to continue the trial date for an abuse of discretion.

[¶9] Because King failed to comply with the applicable Maine Rules of Appellate Procedure, we dismiss the appeal without considering the merits of his arguments. *See* M.R. App. P. 4(c), 8(c)(5), (j); *Hutchinson*, 2015 ME 16, ¶ 11 & n.5, --- A.3d ---; *State v. Ross*, 2004 ME 12, 841 A.2d 814 (per curiam).

The entry is:

Appeal dismissed.

_____

**On the briefs:**

Sanford R. King III, appellant pro se

Kathryn Loftus Slattery, District Attorney, and Anne Marie Pazar, Esq., contract brief writer, Prosecutorial District # 1, Alfred, for appellee State of Maine

Biddeford District Court docket number CR-2014-516
FOR CLERK REFERENCE ONLY