MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2017 ME 150
Docket:        Kno-16-444
Submitted:
   On Briefs: June 14, 2017
Decided:       July 11, 2017

Panel:         ALEXANDER, MEAD, GORMAN, JABAR, and HUMPHREY, JJ.

KEVIN R. HALL

v.

CAMDEN HILLS FARM BY THE SEA, LLC

PER CURIAM

[¶1]  Camden Hills Farm by the Sea, LLC (Camden Hills), appeals from a judgment of the District Court (Rockland, *Worth, J.*) granting a summary judgment to Kevin R. Hall in his foreclosure action pursuant to 14 M.R.S. § 6321 (2016).  On appeal, Camden Hills contends that the District Court should have dismissed Hall's second foreclosure action as barred by res judicata.  Because Camden Hills disregarded the explicit requirements of M.R. App. P. 8, addressing organization and the order in which documents are to appear in the appendix to the briefs, we do not reach the merits and dismiss the appeal.

## I. CASE HISTORY

[¶2]   In April 2013, Kevin R. Hall filed an amended complaint for foreclosure against Camden Hills on two sets of notes and mortgages on residential property located in Camden.  By a judgment entered in May 2014, the Superior Court (Knox County, *Hjelm, J.*) denied Hall's claim for foreclosure and entered judgment for Camden Hills, concluding that Hall had failed to give Camden Hills sufficient notice of right to cure.  *See* 14 M.R.S. § 6111 (2016). Hall appealed, and we affirmed the judgment.  *Hall v. Ferrell*, Mem-15-22 (Mar. 17, 2015).

[¶3]   On July 7, 2014, Hall filed a second complaint for foreclosure against Camden Hills in the District Court (Rockland).[1]  The complaint alleged that Camden Hills was "presently in default on the notes, having violated the due on sale or transfer clause of the notes and having failed to make payment in full of all monies owed upon the transfer of ownership."  The complaint listed amounts due on six terms of the notes and mortgages, including two

---

[1]  The complaint also named the Town of Camden, which had a tax lien on the property, as a party in interest.  The Town of Camden was dismissed as a party, without objection, on November 19, 2014.  *See* 36 M.R.S. §§ 942-943 (2016).

promissory notes, two sets of interest, legal fees and costs, and property taxes.[2] Camden Hills was served the summons and complaint in August 2014.

[¶4] Camden Hills filed an answer denying the substantive allegations in the complaint and asserting affirmative defenses, including res judicata.

[¶5] The parties then engaged in some discovery and procedural motion practice, and, in May 2015, Hall filed a motion for summary judgment seeking a foreclosure judgment. *See* M.R. Civ. P. 56(j). Camden Hills did not file a timely opposition or objection to Hall's motion for summary judgment. *See* M.R. Civ. P. 7(c)(2), 56(c).

[¶6] While the motion for summary judgment was pending, the trial court ordered the parties to submit written arguments on the applicability and impact, if any, of our opinion in *U.S. Bank, N.A. v. Tannenbaum*, 2015 ME 141, 126 A.3d 734, issued on November 5, 2015. Hall filed a written argument, and Camden Hills filed a motion to dismiss. The motion to dismiss alleged that the first foreclosure action was decided by a final judgment involving the same parties and the same cause of action and, therefore, the second foreclosure action was barred by res judicata. Camden Hills attached

---

[2] Hall filed an amended complaint on July 28, 2014, to reflect a change in the registered agent for Camden Hills from William M. Ferrell Jr. to F.A. Ferrell. On September 8, 2014, the court sua sponte issued an order regarding an improper attempt by F.A. Ferrell to communicate with the court ex parte. On May 20, 2015, the court granted Hall's motion to strike and to seal numerous subsequent ex parte filings by F.A. Ferrell.

the judgment from the first foreclosure to its motion to dismiss, but did not attach any of the orders that were incorporated by reference into that judgment. Hall filed an objection to the motion arguing that the motion was untimely and misapplied the principles of *Tannenbaum* because Hall's complaint alleged new conduct.

[¶7] On May 25, 2016, the court held a nontestimonial hearing on Hall's motion for summary judgment and Camden Hills's motion to dismiss. During the hearing, Camden Hills acknowledged that "if the Court decides that the res judicata analysis isn't valid, then probably there are no factual issues, and probably the summary judgment would come into play."

[¶8] By judgment dated September 15, 2016, the court denied Camden Hills's motion to dismiss and granted Hall's motion for summary judgment.

[¶9] Camden Hills filed this timely appeal. *See* 14 M.R.S. § 1901 (2016); M.R. App. P. 2(b)(3). On January 18, 2017, Hall filed a motion to dismiss in this Court arguing that Camden Hills's appendix did not comply with M.R. App. P. 8 because it was not in the proper order and contained documents that were not a part of the trial court record, including two court orders from the first foreclosure action dated April 2, 2013, and December 13, 2013. Hall also argued that Camden Hills's brief contained numerous defects. On

January 23, 2017, Camden Hills filed a motion to amend the appendix with an amended appendix attached, but it did not file an opposition to Hall's motion.

[¶10] This Court (*Gorman, J.*) issued an order, dated February 1, 2017, denying each party's motion and rejecting Camden Hills's brief and the appendix, while noting that Camden Hills did not respond to Hall's motion to dismiss.

[¶11] On February 14, 2017, Camden Hills filed a replacement brief and appendix. Hall then filed a second motion to dismiss the appeal. Hall alleged, among other things, that the documents in the replacement appendix were not in the order required by M.R. App. P. 8. This Court (*Gorman, J.*) then ordered that Hall's second motion to dismiss Camden Hills's appeal would be considered with the merits of the appeal.

## II. APPLICATION OF THE APPENDIX RULE

[¶12] Over sixteen years ago, effective January 1, 2001, we adopted and published the Maine Rules of Appellate Procedure, including Rule 8, governing preparation and filing of the appendix to the briefs. Rule 8 is largely unchanged from the rule as originally adopted.[3] It has been widely published

---

[3] Pursuant to a Rules Amendment Order, 2017 Me. Rules 07, the Maine Rules of Appellate Procedure, including Rule 8, after a restyling process, are being repealed and replaced, effective September 1, 2017.

6

on the Court's website, in annually updated rules books, *Maine Court Rules* (Tower Publishing) and *Maine Rules of Court* (West Publishing),[4] and on electronic legal research websites. The Maine Rules of Appellate Procedure, including Rule 8, have been subject to numerous continuing legal education programs and discussions in court opinions and law practice articles and commentary.

[¶13]  The terms of Rule 8 governing this appeal are quite specific:

- The appellant must prepare and file an appendix to the briefs.  *See* M.R. App. P. 8(a).

- "The appendix shall contain those documents listed below as mandatory."  M.R. App. P. 8(c)(1).

- "An appendix that (i) fails to include mandatory documents, or (ii) *does not present documents in the required order: first documents required by subdivision (g), then documents required by subdivision (h), then other documents,* or (iii) includes excessive duplication of documents, or (iv) otherwise is not prepared in compliance with these rules may be rejected, with the party who prepared the appendix being required to prepare and file a replacement appendix that complies with these rules or being subject to another appropriate sanction, *including dismissal of the appeal.*"  M.R. App. P. 8(c)(5) (emphasis added).

- The documents that must be included in the appendix in all appeals, *and the order in which those documents must appear*, is stated in M.R. App. P. 8(g):

---

[4] Officially Thompson Reuters Publishing.

**(g) Contents, Mandatory—ALL APPEALS.** The following documents shall be contained in the appendix *in the following order*:

(1)    A table of contents;

(2)    All docket entries in the proceedings below;

(3)    Each trial court decision, ruling, or judgment that will be addressed in the appeal, including the final judgment:

    (A)    If the decision is in written form, a copy of the decision shall be included;

    (B)    If the decision or judgment includes more than one order or set of findings, a copy of each court action that constitutes the decision or judgment shall be included;

    (C)    If any part of the decision was stated orally on the record, a copy of the transcript of the decision shall be included.

(4)    The complaint, charging instrument, or initiating document.

(emphasis added).

[¶14]   Despite this very specific direction regarding what documents must appear in the appendix and the order in which those documents must appear, we have been surprised by the extent of lack of compliance with this very specific direction for preparing and filing an appendix by some members of the bar and some unrepresented parties over the past sixteen years.

[¶15]  Camden Hills's second appendix filed in this appeal is reflective of this lack of compliance with Rule 8.  The court pleadings and court orders appear in the appendix in chronological order from the earliest filing first to the latest filings and court orders last, disregarding the direction in Rule 8(g) that the trial court order or orders subject to appeal appear first, immediately after the docket entries.

[¶16]  An appendix significantly out of compliance with Rule 8 is often rejected and returned to the appellant with direction to prepare and file a new appendix.  *See* M.R. App. P. 8(c)(5).  That already occurred once in this appeal. Camden Hills's organization of its second appendix in disregard of Rule 8 is particularly notable as its first appendix had been rejected because of noncompliance with Rule 8.  For repeated disregard of the requirements of Rule 8, we will dismiss this appeal.

[¶17]  Addressing sanctions for disregard of the requirements of Rule 8(g), in *State v. Ross*, 2004 ME 12, 841 A.2d 814, we indicated that the failure to include in the appendix any document, the inclusion of which is made mandatory by Rule 8(g), may result—and in *Ross* did result—in dismissal of the appeal.  We have also dismissed an appeal when an appellant

failed to file a transcript and failed to include in the appendix items mandated by Rule 8(g). *See State v. King*, 2015 ME 41, ¶¶ 7-9, 114 A.3d 664.

[¶18] Because of the varying compliance with the requirements of Rule 8, the revision of Rule 8 adopted in the restyling process, effective September 1, 2017, makes the already explicit requirements of Rule 8 even more explicit. The first two paragraphs of Restyling Notes supporting the changes to Rule 8 state, in part:

> Despite its relatively explicit language, compliance with the requirements in Rule 8, by the bar and by unrepresented litigants, has been less than ideal. Repeated problems have been observed in (1) failure to include in the appendix documents that are required to be included by current Rule subdivisions 8(g) and 8(h); (2) failure to place documents included in the appendix in the order specified by current Rule subdivisions 8(c)(5) and 8(g); and (3) inclusion of duplicates of documents in the appendix, despite the explicit prohibition in current Rule 8(c)(4) that "[no] document shall appear in the appendix more than once."

> To address these problems, Rule 8 is reorganized to place these explicit directions earlier and more prominently in the Rule. What were formerly Rule 8(g) and 8(h) are now Rule 8(d) and 8(e).

M.R. App. P. 8 restyling notes, June 2017 (effective Sept. 1, 2017) (adopted by 2017 Me. Rules 07).

[¶19] The last sentence of the second introductory paragraph to the Rule 8 Restyling Notes should be particularly noted. It states: "*In addition,*

*practitioners may anticipate that the explicit directions in Rule 8 will be more rigorously enforced than in the past, with failure to comply with the Rule more likely to lead to a rejection of the appendix and a requirement that a new appendix be prepared or another sanction, including dismissal of the appeal, being imposed." Id.* (emphasis added).

[¶20]   To aid the Court's understanding of the issues presented on appeal, compliance with the requirements of Rule 8 is important.   That compliance did not occur in this appeal, even when the appellant, Camden Hills, was given a second chance to make it right.

The entry is:

Appeal dismissed.

---

Steven C. Peterson, Esq., West Rockport, for appellant Camden Hills Farm by the Sea, LLC

Susan C. Thiem, Esq., Law Office of Susan C. Thiem, Lincolnville, for appellee Kevin R. Hall

Rockland District Court docket number RE-2014-57
FOR CLERK REFERENCE ONLY