MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2019 ME 25
Docket:      Cum-18-278
Argued:      February 7, 2019
Decided:     February 14, 2019

Panel:       SAUFLEY, C.J., and ALEXANDER, MEAD, JABAR, HJELM, and HUMPHREY, JJ.

PETITION OF EDWIN R. JONAS III FOR REINSTATEMENT
TO THE BAR OF THE STATE OF MAINE

PER CURIAM

[¶1]  Edwin R. Jonas III appeals from a judgment of a single justice of the Maine Supreme Judicial Court (*Gorman, J.*) denying his petition for reinstatement to the Maine Bar.  This is Jonas's second appeal in this matter. On his first appeal from the denial of his petition, we remanded the matter after clarifying that the admissibility of evidence is to be determined pursuant to the reasonable person standard rather than the Maine Rules of Evidence—the original ruling, before clarification, may have resulted in the exclusion of evidence that would have been admissible pursuant to the more inclusive standard.  *See In re Edwin R. Jonas III*, 2017 ME 115, ¶¶ 1-3, 164 A.3d 120.

[¶2]  On remand, we indicated that, in addition to the evidence admitted in the original proceeding, the single justice should "consider only (1) the evidence that was explicitly offered and excluded based on the application of the Rules of Evidence and that was not otherwise admitted, and (2) to the

extent allowed by the single justice, any evidence of reinstatement or disciplinary actions, further litigation, or other evidence deemed relevant by the single justice that has occurred after the closing of evidence in the original trial." *Id.* ¶ 39. Jonas contends that the limited scope of our remand denied him due process of the law and that the evidence he presented supports his reinstatement.

[¶3] During the proceedings on remand, the single justice adhered to the parameters that we articulated in the mandate. Therefore, Jonas's argument that he should have been entitled to present evidence outside of those parameters constitutes a challenge to our prior decision establishing the nature and scope of the remand proceedings.

[¶4] Contrary to his contention, Jonas has not demonstrated that the process prescribed in our opinion and then implemented by the single justice resulted in an erroneous or unjust outcome. *See Greaton v. Greaton*, 2012 ME 17, ¶ 7, 36 A.3d 913 ("In appealing a judgment, it is not enough to challenge procedural errors allegedly made by the trial court without also showing actual error in the judgment."). Nor does he seem to recognize the mitigatory opportunity of the additional process, which allowed him to present additional evidence developed since the original trial, that has been available to him since we remanded the matter almost two years ago.

[¶5]   The additional evidence he now argues he is entitled to present, even though it is outside the scope of what we stated could be presented on remand, would not change the outcome of the case given his own description of what such evidence would show and the weight that the single justice gave to the great amount of contrary evidence admitted against him.

[¶6]   Balancing the factors relevant to a determination of what process is due, including Jonas's interest in his professional license and the burden that remanding the matter again would place on limited judicial time and resources, we conclude that Jonas was not deprived of due process by the limited scope of the remand.  *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976); *see also Fichter v. Bd. of Environmental Protection*, 604 A.2d 433, 436-37 (Me. 1992) (stating that due process "requirements are flexible and entail no specified form or procedure"; instead, "[w]hat process is due will vary from case to case . . . to assure the basic fairness of each particular action according to its circumstances" (alterations in original)).

[¶7]   The only remaining issue we need address is whether the entire record, including the evidence Jonas and the Board of Overseers of the Bar introduced on remand, compelled the single justice to change her original

4

conclusions, all of which are supported by the record.[1]  Even with the evidence presented to the single justice on remand, we note the great deal of competent evidence that the single justice relied on in her findings to conclude that Jonas should not be reinstated.

[¶8]  A review of the evidence Jonas introduced on remand supports the single justice's assessment that it added "little . . . to the issue to be decided in this matter—that is, Jonas's demonstration of the evidence necessary for reinstatement."  The evidence, including the evidence introduced by the Board of events since the closing of evidence in the original trial, demonstrates a continuing practice of frivolous and vexatious actions and use of court pleadings and processes for improper purposes.

[¶9]  We discern no error in the single justice's ultimate conclusion on remand that Jonas did not meet his burden "to satisfy, by clear and convincing evidence, each of the criteria for reinstatement set out in M. Bar R. 29(e)."

The entry is:
                        Judgment affirmed.

---

[1]  The single justice's first judgment analyzed Jonas's petition pursuant to the reinstatement factors enumerated in the then applicable M. Bar R. 7.3(j).  The single justice's second judgment analyzed Jonas's petition pursuant to current M. Bar R. 29(e), which replaced the former rule after the first judgment was entered.  The findings in the first opinion remain relevant because the rules are—with the exception of a few inapplicable subsections—substantively the same. *Compare* M. Bar R. 7.3(j)(5)(A)-(F) (Tower 2014) *with* M. Bar R. 29(e)(1)-(8).

James M. Bowie, Esq. (orally), Thompson Bowie & Hatch LLC, Portland, for appellant Edwin R. Jonas III

Aria Eee, Esq. (orally), Board of Overseers of the Bar, Augusta, for appellee Board of Overseers of the Bar

Maine Supreme Judicial Court docket number Bar-13-16
FOR CLERK REFERENCE ONLY