JABAR, J.
[¶1] Susan L. McGarvey appeals from a judgment of the District Court (Portland, J. French, J. ) denying her motion to modify a divorce judgment between her and John C. McGarvey and her motion to reconsider that denial. She argues that the court erred by determining that there were no substantial changes in circumstances sufficient to justify a modification of the divorce judgment. We affirm the court's judgment.
I. BACKGROUND
[¶2] John and Susan were divorced in February 2007 by a judgment entered by the District Court (Powers, J. ). The judgment conferred shared parental rights and responsibilities as well as shared primary residence for the parties' two children.
[¶3] In July 2016, John filed a motion to modify the divorce judgment. A hearing was held on John's motion in March 2017, but Susan failed to appear. The court granted John's motion to modify, awarding him primary residence of the parties' daughter, as well as allocating him most parental rights and responsibilities and ordering *1277 Susan to pay child support.[1] Susan subsequently moved for the court to set aside the judgment, arguing that she had not been given adequate notice of the hearing. The court (J. French, J. ) denied the motion, and we affirmed. See McGarvey v. McGarvey , Mem-17-83 (Oct. 5, 2017).
[¶4] Following our affirmance, Susan filed a motion to modify the court's judgment, which the District Court denied after finding that there were no substantial changes in circumstances warranting a modification of the divorce judgment. Susan moved for the court's reconsideration of its judgment, which the court also denied. Susan timely appealed.
II. DISCUSSION
[¶5] On appeal, Susan's sole argument is that the court erred by finding that there were no substantial changes in circumstances justifying a modification of the divorce judgment. See 19-A M.R.S. § 1657 (2018). However, because Susan failed to provide us with a transcript of the hearing on her motion to modify, we must assume that the court's findings are supported by competent evidence in the record. See Springer v. Springer , 2009 ME 118, ¶¶ 2, 8, 984 A.2d 828 ("The appellant bears the burden of providing an adequate record upon which the reviewing court can consider the arguments on appeal."). Based on the court's findings, we can discern no error in the court's judgment denying Susan's motion to modify.
[¶6] In his brief, John requested that we impose sanctions on Susan for pursuing a frivolous appeal. Although we agree that the pursuit of "an appeal without an adequate record is an unproductive exercise" that "wastes the resources of other parties as well as the court,"[2] id. ¶ 9, the Maine Rules of Appellate Procedure require that a party seeking the imposition of sanctions file a separate motion requesting sanctions, M.R. App. P. 13(f) ; a request for sanctions stated only in a party's brief is not sufficient, see Alexander, Maine Appellate Practice § 13.6 at 196 (5th ed. 2018) ("A request for sanctions stated only in a brief is not sufficient to trigger imposition of sanctions pursuant to Rule 13(f)."). Because John failed to file a separate motion requesting sanctions, we must deny his request.
The entry is:
Judgment affirmed.

The parties' other child had reached the age of eighteen prior to the entry of the court's judgment.

Although Susan is unrepresented in this appeal, we have consistently stated that "self-represented litigants are held to the same standards as represented parties." Edwards v. Campbell , 2008 ME 173, ¶ 11, 960 A.2d 324 (alteration omitted) (quotation marks omitted).