**Gregory A. HARRIMAN and Kathryn Harriman, Plaintiffs,**

v.

**UNITED STATES DEPARTMENT OF AGRICULTURE, et al., Defendants.**

**No. 99–41–B–H.**

United States District Court, D. Maine.

May 5, 2000.

Carl D. McCue, Law Offices of Carl McCue, Hampden, ME, David J. Van Dyke, Berman & Simmons, P.A., Lewiston, ME, for Plaintiffs.

Frederick Emery, Office of the U.S. Attorney, Portland, ME, for Defendants.

## ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

HORNBY, Chief Judge.

### I. INTRODUCTION

The plaintiffs, Gregory and Kathryn Harriman, a married couple who are farmers in Waldo County, Maine, have brought this lawsuit against the United States Department of Agriculture and its Farm Service Agency and Rural Economic and Community Development Administration (hereafter, collectively, "USDA"). The Harrimans claim that, because the USDA failed to approve an operating loan application and instead accelerated existing loans in contravention of USDA regulations, they have been economically damaged and are entitled to recover their damages from the United States Treasury. The USDA has moved for summary judgment. Because I find that the USDA has not waived sovereign immunity to this claim for damages, **I GRANT** the motion.

### II. PROCEDURAL HISTORY

When the Harrimans first filed this lawsuit, they named both the USDA and Fleet Bank of Maine ("Fleet") as defendants. Fleet had loaned them money, secured by a guarantee from the USDA and a mortgage on the Harrimans' farm. *See* Verified Compl. ¶¶ 9–11. The Harrimans requested declaratory and injunctive relief both to prevent the USDA from accelerating the notes, and to prevent Fleet from foreclosing on the farm. Alternatively, they asked that the farm be placed into escrow or a constructive trust pending the resolution of this matter. *See* Verified Compl. at 5. The Harrimans also asked for damages "for lost income and for monies paid to the Fleet Bank as and for down payment at the inception of the financing,"

as well as for fees and costs. Verified Compl. at 5.

By the time the Harrimans' motion for a temporary restraining order was heard before District Court Judge Morton Brody, Fleet had foreclosed and Maine's statutory redemption period had expired. *See* Order and Mem. of Decision, Apr. 15, 1999, at 1 (denying the plaintiffs' motion for a temporary restraining order). Fleet was then dismissed from the lawsuit with the Harrimans' agreement. *See* Order, May 24, 1999, at. 1 (denying plaintiffs' motion for preliminary injunction). The USDA also moved for dismissal on grounds of sovereign immunity, among other things. At that point, the Harrimans said they wanted both damages and declaratory relief against the USDA. In denying the USDA's motion, Judge Brody treated the Harrimans' claim as seeking judicial review of an administrative law decision. *See* Order and Mem. of Decision, Sept. 22, 1999, at 2. He ruled that the USDA had waived sovereign immunity for judicial review of USDA decisions, citing 7 U.S.C. § 6999 (conferring jurisdiction on district courts to review decisions of the USDA's National Appeals Division) and *Deaf Smith County Grain Processors, Inc. v. Glickman,* 162 F.3d 1206, 1211 (D.C.Cir., 1998).

Now the Harrimans no longer want declaratory relief. *See* Opp'n Mem. at 2 n. 1. The USDA seeks summary judgment on the remaining damages claims. The USDA argues, first, that this Court is unable to award monetary damages under 7 U.S.C. § 6999 because the judicial review permitted there is limited to nonmonetary relief; second, that this Court lacks jurisdiction to award monetary damages under the Harrimans' only other viable theory, the Tucker Act, 28 U.S.C. § 1346(a)(2) and 28 U.S.C. § 1491(a)(1).[1]

---

1. The Tucker Act waives sovereign immunity for claims "founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States...." 28 U.S.C. § 1346(a)(2); *see also*

28 U.S.C. § 1491. Section 1491(a)(1), the so-called Big Tucker Act, confers exclusive jurisdiction upon the Court of Federal Claims to hear claims against the United States. Section 1346, the so-called Little Tucker Act, confers concurrent jurisdiction upon the dis-

The Harrimans level no response to the USDA's argument that monetary relief is unavailable under section 6999 judicial review. Instead, they shift their attention to the Tucker Act and argue that the USDA has breached express and implied contracts.

## III. DISCUSSION

This is not a lawsuit to enforce loan agreements or to compel the USDA to disburse loans or benefits. Nor do the Harrimans any longer seek judicial review of an administrative law decision such as might be available under section 6999. The sole question remaining before me is whether, as a matter of law, the Harrimans can recover a money award from the United States Treasury to compensate them for the economic injury they have suffered.

 To recover money damages from the United States Treasury, a litigant must point to a specific congressional waiver of sovereign immunity conferring jurisdiction on a court to hear the claim. Only the Tucker Act potentially allows plaintiffs like the Harrimans to obtain damages from the USDA. Due to jurisdictional limits, the plaintiffs can proceed in this Court only under the so-called Little Tucker Act,

trict courts to hear claims against the United States not exceeding $10,000. I understand the plaintiffs to be proceeding under the Little Tucker Act, section 1346, the only wing of the Tucker Act under which this Court has jurisdiction.

**2.** Although *Mitchell* involved section 1491(a)(1), the so-called Big Tucker Act, there is no reason that it should not guide my understanding of section 1346(a)(2). *See Army and Air Force Exch. Serv. v. Sheehan,* 456 U.S. 728, 734 n. 5, 102 S.Ct. 2118, 72 L.Ed.2d 520 (1982) (pointing out that the statutes are identical, save for the Little Tucker Act's concurrent jurisdiction provision for claims not exceeding $10,000).

**3.** I look principally to the plaintiffs' Memorandum of Points and Authorities in Opposition to the United States Defendants' Motion to Dismiss and in Response to Court's Show Cause Order, in which the plaintiffs explicate

28 U.S.C. § 1346(a)(2). But the Tucker Act "does not create any substantive right enforceable against the United States for money damages." *United States v. Mitchell,* 463 U.S. 206, 216, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983) (quotation and citation omitted).[2] Instead, the substantive right must be found in the sources specified by the Tucker Act—federal Constitution, legislation, regulation or contract.

 At various points in their pleadings, the Harrimans have alleged that the USDA violated Acts of Congress and regulations of an executive department. That is not enough. The Supreme Court said in *Mitchell:*

> Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States and the claimant must demonstrate that the source of substantive law he relies upon *can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.*

*Id.* at 216–17, 103 S.Ct. 2961 (emphasis added; citations, quotation, and footnote omitted). After carefully reviewing the statutes and regulations cited by the Harrimans,[3] I conclude that they cannot "fairly

their theory of the case and identify 7 U.S.C. §§ 1983a(c) and 7000, and 7 C.F.R. § 11.12 as the statutes and regulations on which they base their claims.

Section 1983a(c) provides that if the Secretary of Agriculture disapproves a loan or loan guarantee application, "but such action is subsequently reversed or revised as the result of an appeal within the Department of Agriculture or to the courts of the United States and the application is returned to the Secretary for further consideration," the Secretary must act upon the application within 15 days. 7 U.S.C. § 1983a(c). The provision cannot reasonably be read to provide money damages.

Section 1983a is part of a subchapter IV (Administrative Provisions) of chapter 50 (Agricultural Credit) of Title 7. The Harrimans have not predicated their lawsuit on specific loan provisions of chapter 50 and I do not comment on whether such provisions support

be interpreted as mandating compensation by the Federal Government for the damages sustained." *Id.* at 217, 103 S.Ct. 2961.

Finally, the Harrimans attempt to shoehorn their Tucker Act claim into that Act's contracts prong ("express or implied contract with the United States"). They assert in their legal memoranda that the USDA has breached express and implied contracts with them, but neither there nor, more importantly, in their Verified Complaint, do they refer to any specific contract or contractual provisions.[4]

Consequently, the Little Tucker Act does not apply.

### IV. CONCLUSION

Because I lack jurisdiction to consider the Harrimans' claims, the USDA's Motion for Summary Judgment on Counts I and II is **GRANTED**.[5] My ruling on the motions of the Harrimans' lawyers to withdraw is deferred until the USDA informs the Court how it wishes to proceed on the counterclaim. The USDA shall do so by May 15, 2000.

So Ordered.

---

money damages. I observe, however, that the Claims Court and Federal Circuit have routinely have concluded that chapter 50 does not provide for monetary damages. *See Nelson v. United States*, 16 Cl.Ct. 510, 514 n. 4 (1989) (administrative provisions of subchapter IV); *see also Cummings v. United States*, 17 Cl.Ct. 475, 479 (1989) (emergency loan provisions of subchapter II, 7 U.S.C. §§ 1961–1970), *aff'd on other grounds*, 904 F.2d 45 (Fed.Cir.1990) (unpublished); *Campbell v. United States*, 16 Cl.Ct. 690, 696 (1989) (several regulations of the operating loan provisions of subchapter II, 7 U.S.C. §§ 1941–1949); *Hanson v. United States*, 13 Cl.Ct. 519, 527–28 (1987) (emergency loan provisions of subchapter II, 7 U.S.C. §§ 1961–1970), *aff'd*, 861 F.2d 728 (Fed.Cir.1988) (unpublished).

Section 7000 is part of a subchapter establishing the USDA's National Appeals Division. *See* 7 U.S.C. § 6991 *et. seq.* That subchapter and its implementing regulations, *see* 7 C.F.R. §§ 11.1 – 11.33, concern administrative and judicial appeals of administrative decisions, and neither implicitly nor explicitly provide for compensation by the federal government.

4. The closest the Harrimans come is in ¶ 10 of the Verified Complaint, but there the alleged breach was by Fleet, not the USDA.

5. It is unnecessary to consider the USDA's exhaustion arguments.