2004 ME 28

**Gregory A. HARRIMAN et al.**

v.

**BORDER TRUST CO. et al.**

**Docket No. Wal–03–556.**

Supreme Judicial Court of Maine.

Submitted On Briefs: Feb. 26, 2004.

Decided: March 3, 2004.

Gregory A. and Kathryn P. Harriman, Dixmont, for plaintiffs.

Michael S. Haenn, Esq., Bangor, for defendants.

Panel: CLIFFORD, RUDMAN, ALEXANDER, CALKINS, and LEVY, JJ.

PER CURIAM.

[¶ 1] Gregory A. and Kathryn P. Harriman appeal from the judgment entered in the Superior Court (Waldo County, *Atwood, J.*) dismissing their claim against Border Trust Co. and Telmark, LLC as barred by principles of res judicata and enjoining the Harrimans from filing further actions against Border Trust and Telmark, related to or arising from the foreclosure of their farm in Troy. We affirm the judgment and impose sanctions against the Harrimans for filing a frivolous appeal.

[¶ 2] The Harrimans were dairy farmers who once owned a farm in Troy. In 1995, Fleet Bank of Maine foreclosed the mortgage on that farm; the Superior Court (*Marsano, J.*) entered a judgment of foreclosure in Fleet's favor; the Harrimans appealed; and we affirmed the judgment of foreclosure in December 1998. *See Fleet Bank of Me. v. Harriman,* 1998 ME 275, 721 A.2d 658. Sometime thereafter, David A. and Debra C. Quimby bought the farm and mortgaged it to Border Trust and Telmark. The Harrimans initiated a lawsuit against Fleet Bank of Maine, Border Trust, Telmark, the Quimbys, and The United States of America, seeking title to and possession of the farm. The Superior Court (*Marsano, J.*) entered judgments against the Harrimans and, in 2001, we affirmed the judgments in an unpublished memorandum of decision. *See Harriman v. Fleet Bank of Me.,* No. 01–51 (Me. June 14, 2001) (mem.).

[¶ 3] The next year, still seeking title to and possession of the farm, the Harrimans filed another lawsuit against the same parties, except that, instead of naming the United States, they named two attorneys, David Van Dyke and Carl McCue, as defendants.[1] The Superior Court (*Atwood, J.*) dismissed the Harrimans' claims against all the defendants and enjoined the Harrimans from filing any further actions arising from the foreclosure, against Fleet Bank of Maine or the Quimbys, bringing us to the present lawsuit.

[¶ 4] Finding themselves only somewhat constrained by the Superior Court's order, the Harrimans filed yet another lawsuit seeking title to and possession of the farm, but this time naming only Border Trust, Telmark, and Key Bank U.S.A., as defendants. The Superior Court granted Border Trust and Telmark's motion to dismiss, citing principles of res judicata, and enjoined the Harrimans from filing any further actions against Border Trust or Telmark, related to or arising from the foreclosure of the farm. The Harrimans filed this appeal.

[¶ 5] Since 2000, the Harrimans have brought lawsuits against Border Trust and Telmark, either as named defendants or parties-in-interest, three times. In each case, they have sought title to and possession of the farm lost in the foreclosure proceeding. As the Superior Court rightly observed, "The law is plain that they cannot again come forward in the same legal mission against the same parties to secure a remedy twice previously denied." Res judicata bars the relitigation of issues between the same parties in subsequent lawsuits, even when a subsequent suit relies on a legal theory that was not advanced in the prior suit. *Blance v. Alley*, 1997 ME 125, ¶ 4, 697 A.2d 828, 829.

[¶ 6] In dismissing the present suit, the Superior Court concluded that, because the Harrimans have brought at least three cases against Border Trust and Telmark in the same or related theories, "it is apparent that they have here, and in the past, done so with no reasonable expectation of success." The Superior Court went on to find the present lawsuit to be "frivolous and vexatious," and part of "a pattern of meritless litigation designed to inconvenience or harass their opponents."

[¶ 7] For all of those reasons, this appeal is also frivolous and likely instituted primarily for the purpose of harassment or delay. We, therefore, impose sanctions against the Harrimans, pursuant to M.R.App. P. 13(f), awarding Border Trust Co. and Telmark, LLC treble costs and attorney fees.

The entry is:

Judgment affirmed. Pursuant to M.R.App. P. 13(f), Border Trust Co. and Telmark, LLC are awarded treble costs and attorney fees. Remanded to the Superior Court to determine the amount of attorney fees.

---

1. Apparently, the attorneys represented the Harrimans in federal court, where they also filed lawsuits seeking title to and possession of the farm after the foreclosure. *See, e.g., Harriman v. United States Dep't of Agric.*, 99 F.Supp.2d 105 (D.Me.2000).