## 2007 ME 51

### John David WATERHOUSE

v.

### William KELLEHER.

Supreme Judicial Court of Maine.

Submitted on Briefs: March 29, 2007.

Decided: April 10, 2007.

Randy L. Robinson, The Robinson Law Firm, P.A., Portland, for plaintiff.

Daniel Rapaport, Jonathan G. Mermin, Preti Flaherty Beliveau & Pachios, L.L.P., Portland, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

PER CURIAM.

[¶ 1] John David Waterhouse appeals from a judgment entered in the Superior Court (Kennebec County, *Marden, J.*) dismissing Waterhouse's complaint against William Kelleher and granting Kelleher's motion for sanctions pursuant to M.R. Civ. P. 11. We affirm the judgment and impose our own sanctions against Waterhouse and his attorney for filing a frivolous appeal.

[¶ 2] Waterhouse claims that Kelleher, an attorney, defrauded him while Kelleher was defending a client in a negligence action brought by Waterhouse against Kelleher's client, which resulted in a defendant's verdict. *See Waterhouse v. Sullivan*, KENSC–CV–99–193 (Me.Super.Ct., Ken.Cty., Feb. 8, 2002) (Studstrup, J.). Waterhouse's complaint fails, however, because he does not allege all of the elements of a claim of fraud. *See St. Francis de Sales Fed. Credit Union v. Sun Ins. Co. of N.Y.*, 2002 ME 127, ¶ 26, 818 A.2d 995, 1003 (stating that a claim of fraud must include among other elements the plaintiff's justifiable reliance upon the fraudulent representation as true). Therefore, the Superior Court did not err in dismissing Waterhouse's complaint. *See Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 7, 843 A.2d 43, 46–47.

[¶ 3] Furthermore, the Superior Court did not abuse its discretion in granting Kelleher's motion for sanctions on the basis that there was no good ground to support the fraud claim. *See Fraser Employees Fed. Credit Union v. Labbe*, 1998 ME 71, ¶ 8, 708 A.2d 1027, 1029–30; M.R. Civ. P. 11(a).

[¶ 4] We also conclude that Waterhouse and his attorney could not reasonably have expected to prevail on appeal and that the appeal is frivolous. Therefore, we impose the sanction of attorney fees as authorized by M.R.App. P. 13(f).

The entry is:

Judgment affirmed. Pursuant to M.R.App. P. 13(f), Kelleher is awarded attorney fees to be paid, jointly and severally, by Waterhouse and his attorney. Remanded to the Superior Court to determine the amount of attorney fees incurred by Kelleher in defending this appeal.