**2009 ME 75**

**DEPARTMENT OF HEALTH AND HUMAN SERVICES**

**v.**

**William TARDIF.**

Supreme Judicial Court of Maine.

Submitted On Briefs: July 8, 2009.

Decided: July 23, 2009.

Janet T. Mills, Attorney General, Debby Willis, Asst. Atty. Gen., Office of the Attorney General, Augusta, ME, for the Maine Department of Health and Human Services.

William Tardif, Rapid City, SD, pro se.

Panel: SAUFLEY, C.J., and ALEXANDER, SILVER, MEAD, and GORMAN, JJ.

PER CURIAM.

[¶ 1] William Tardif appeals from a judgment of the Superior Court (Kennebec County, *Jabar, J.*) finding that Tardif made an unauthorized UCC filing with the Maine Secretary of State, and ordering the Secretary to remove the filing from the UCC index. Tardif asserts that the UCC filing was proper because the Chief Executive Officer of Mechanics Savings Bank, and the bank's attorney, were liable for the bank's alleged breach of contract resulting from its compliance with a Department of Health and Human Services order to turn over funds Tardif had on deposit.[1] We affirm the judgment and impose sanctions against Tardif for filing a frivolous appeal.

## I. BACKGROUND

[¶ 2] In March 2005, the Department entered a child support order against Tardif, ordering him to pay $54 per week and finding him to be $2402 in arrears. Tardif unsuccessfully challenged the order. *Tardif v. Dep't of Health & Human Servs.*, Mem 09–9 (Jan. 20, 2009). Tardif had a certificate of deposit at Mechanics Savings Bank. In August 2006, the Department served a "withhold and deliver" order on the bank pursuant to 19–A M.R.S. § 2358 (2008).[2] The bank promptly complied with the order and delivered $5224 to the Department.

[¶ 3] In a subsequent series of correspondence with the bank, Tardif unilaterally asserted a default judgment in favor of himself against the bank's CEO in the amount of $22,326 despite the fact that no state or federal court ever issued such a judgment. Similarly, after the bank's attorney sent Tardif an explanatory letter, he again made a groundless assertion that the attorney was a judgment debtor. When neither "debtor" paid Tardif's self-declared judgment, Tardif filed a UCC Financing Statement with the Maine Secretary of State, showing their alleged debt to be $23,227.89.

[¶ 4] The Department, complying with its statutory obligation pursuant to 5 M.R.S. § 90–E (2008) and 19–A M.R.S. § 2358(8) to defend the bank officials and hold them harmless,[3] filed a petition in the

---

1. Tardif also challenges the subject matter jurisdiction of the Superior Court, and the constitutionality of the Department's actions in ordering the bank to turn over Tardif's funds to satisfy a child support arrearage. We find these arguments to be without merit and do not discuss them further.

2. The statute provides that "[t]he commissioner may serve on any person an order to withhold and deliver any property ... that is due or belongs to the responsible parent...." 19–A M.R.S. § 2358(1) (2008).

3. Title 5 M.R.S. § 90–E(2)(A) (2008) provides that:

    Any individual who asserts that the filing of a financing statement record that provides that individual's name as a debtor is not an authorized filing may file, at any time, a

Kennebec County Superior Court, asking the court to declare that Tardif's filing was unauthorized and therefore ineffective. Tardif filed a motion to dismiss the petition and a request for joinder, seeking to have the court remove the Department from the case and list the bank's CEO and attorney as plaintiffs; both motions were denied. On December 1, 2008, the court entered judgment for the Department and ordered that the financing statement be removed from the UCC index. This appeal followed.

## II. DISCUSSION

[¶ 5] The Superior Court could enter judgment in the Department's favor "only if the pleadings, depositions, admissions and affidavits on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 5 M.R.S. § 90–E(2)(E). Accordingly, we consider the evidence in the light most favorable to Tardif to see if the Department was entitled as a matter of law to a declaration that Tardif's UCC filing was unauthorized and thus ineffective.

[¶ 6] We have no difficulty in concluding that Tardif's UCC filing against the bank officials was both unauthorized and no less frivolous than is this appeal. First, and most obviously, Tardif could not simply self-declare into existence a valid default judgment without any resort to the judicial process. Second, by statute the Legislature has declared that the bank officials are discharged from any liability

to Tardif for money turned over to the Department in compliance with its order. 19–A M.R.S. § 2358(8). In the same letter that resulted in his being named as an additional "judgment debtor," the bank's attorney advised Tardif of the bank's statutory obligation to comply with the order. Finally, Tardif was not authorized to file a UCC financing statement unless he had authority to do so pursuant to 11 M.R.S. §§ 9–1509 or 9–1708, and he has established no such authority. 5 M.R.S. § 90–E(1)(A).[4]

[¶ 7] Tardif's self-represented status affords him no protection from our conclusion that he could not have expected to prevail on such a meritless appeal, or from our finding that his appeal is therefore frivolous. *See Edwards v. Campbell*, 2008 ME 173, ¶ 11, 960 A.2d 324, 327 (stating that "self-represented litigants are held to the same standards as represented parties" (quotation marks omitted)). Accordingly, pursuant to M.R.App. P. 13(f), we award $500 in costs to the Office of the Attorney General, which represented the Department in this appeal.

The entry is:

Judgment affirmed. William Tardif is ordered to pay $500 in costs to the State of Maine Office of the Attorney General.

motion for a judicial declaration that the financing statement record is not an authorized filing ... and thus is not effective with respect to that individual....
Title 19–A M.R.S. § 2358(8) (2008) provides that:
> A person who honors an order to withhold and deliver is discharged from any liability or obligation to the responsible parent for that property. The department warrants

that it will defend and hold harmless any such persons for honoring the order.

4. Title 5 M.R.S. § 90–E(1)(A) (2008) provides that:
> 'Authorized,' when used with reference to a financing statement record, means that the financing statement record was filed by a person authorized to do so as provided in Title 11, sections 9–1509 and 9–1708.