MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:       2017 ME 156
Docket:         Kno-17-9
Submitted
  On Briefs: June 29, 2017
Decided:        July 13, 2017

Panel:          SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HUMPHREY, JJ.


ROWLAND S. WHITTET

v.

DANIEL C. WHITTET


PER CURIAM

[¶1]  Rowland S. Whittet appeals from a judgment of the Superior Court (Knox County, *Stokes, J.*) granting a permanent injunction and authorizing, pursuant to M.R. Civ. P. 66, a special master to proceed with the sale of a parcel of real estate located in Rockport.  Our review in this appeal is limited to the court's orders of December 15 and 22, 2016, and Daniel C. Whittet's motion, filed in this appeal, for sanctions.[1]

[¶2]  Because Rowland (1) has failed to provide transcripts of the relevant proceedings or a substitute to allow for adequate appellate review, (2) mounts untimely challenges to earlier decisions of the trial court not at

---

[1] On June 1, 2017, Daniel moved for sanctions against Rowland, submitting an affidavit detailing attorney fees expended in this appeal.  *See* M.R. App. P. 13(f).  We ordered that the motion for sanctions would be considered with the merits of the appeal.

issue in this appeal, and (3) has made no argument as to why the court erred in issuing the December 2016 orders, we affirm the judgment. *See Springer v. Springer*, 2009 ME 118, ¶¶ 7-8, 984 A.2d 828 (stating that where there is an inadequate record to review, we are "bound to accept the court's factual findings and to assume that they are supported by sufficient competent evidence in the record"); *Holland v. Sebunya*, 2000 ME 160, ¶ 9 n.6, 759 A.2d 205 ("The failure to mention an issue in the brief or at argument is construed as either an abandonment or a failure to preserve that issue.").

[¶3]  Pursuant to M.R. App. P. 13(f), we may award costs, expenses, or attorney fees as a sanction for appeals that are "frivolous, contumacious, or instituted primarily for the purpose of delay."  "Sanctions are appropriate in egregious cases," namely when a party seeks relief "with no reasonable likelihood of prevailing," thereby increasing litigation costs and wasting time and resources.  *Estate of Dineen*, 2006 ME 108, ¶ 8, 904 A.2d 417 (quotation marks omitted).  "To support a finding of frivolousness, some degree of fault is required, but the fault need not be a wicked or subjectively reckless state of mind; rather, an individual must, at the very least, be culpably careless to commit a violation."  *Lincoln v. Burbank*, 2016 ME 138, ¶ 46, 147 A.3d 1165 (quotation marks omitted).

[¶4]   Rowland's opposition to the motion for sanctions, filed one day late, contains arguments and unsupported allegations with little apparent relevance to either the motion for sanctions or the merits of the appeal.  In a 2013 judgment, the trial court proposed several contingent dispositions of the real estate to sensibly resolve this protracted dispute between the parties.  Despite a number of court decisions to the contrary, including a 2016 finding of contempt,[2] Rowland continues to maintain that he has complied with the 2013 judgment and is entitled to full, unencumbered ownership of the disputed property.  His subjective belief is belied by the numerous decisions that have rejected the same meritless claims and arguments that he continues to make in this appeal[3]—claims and arguments that have effectively delayed enforcement of the 2013 judgment and wasted time and resources.  *See Lincoln*, 2016 ME 138, ¶ 46 & n.8, 147 A.3d 1165; *Harriman v. Border Tr. Co.*, 2004 ME 28, ¶¶ 6-7, 842 A.2d 1266 (sanctioning party for pursuing duplicative and vexatious litigation for the purposes of harassment and delay).  We accordingly impose a sanction of attorney fees and treble costs.  *See* M.R.

---

[2]  None of those decisions was timely appealed and therefore none is properly before us.

[3]  This is Rowland's fourth appeal involving this property; two of those appeals were dismissed in part for his failure to comply with the rules, to provide an adequate record for appellate review, or to properly present cognizable legal arguments.  *See Whittet v. Whittet*, Mem-14-113 (August 5, 2014); *Ribeck v. Whittet*, Mem-14-48 (March 11, 2014) (dismissing the appeal on the ground that Rowland did "not even marginally comply with the requirements of M.R. App. P. 8").

App. P. 13(f).  Daniel C. Whittet will be awarded attorney fees in the amount of $4,517.00 and treble costs in the amount of $216.24 for a total award of $4,733.24.

The entry is:

> Judgment affirmed.  Daniel C. Whittet's motion for sanctions is granted.  He is hereby awarded attorney fees and treble costs in the amount of $4,733.24.

---

Rowland S. Whittet, appellant pro se

Jamie F. Levenseler, Esq., and Edward M. Collins, Esq., Hanscom, Collins & Hall, P.A., Rockland, for appellee Daniel C. Whittet

Knox County Superior Court docket numbers RE-2011-26 and -27
FOR CLERK REFERENCE ONLY