MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2019 ME 163
Docket:        Cum-19-190
Submitted
  On Briefs:  November 21, 2019
Decided:       December 10, 2019

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, JABAR, HJELM, and HUMPHREY, JJ.

ELWOOD L. FOX

v.

KAREN A. FOX

PER CURIAM

[¶1]  Elwood Fox appeals from a judgment of the District Court (Portland, *Cashman, J.*) granting Karen Fox's motion to enforce the provision of the parties' divorce judgment requiring Elwood to pay towards his children's college expenses.  In a separate motion, Karen has requested attorney fees for a frivolous or contumacious appeal.  *See* M.R. App. P. 13(f).  We affirm the judgment, and we grant Karen's motion for attorney fees.

A.     Motion to Enforce

[¶2]   The parties were divorced in June 2010 by an agreed divorce judgment (*Oram, M.*), which incorporated a separate settlement agreement. The settlement agreement contains a provision under the heading "College Expenses" that states:

Beginning May 1, 2010, Elwood shall contribute the sum of $750 per month into a college fund(s) for the children's benefit. He shall provide proof of such contributions to Karen by June 1st of each year.

Elwood and Karen agree to communicate and cooperate in assisting the children in the selection and financing, to the best of their respective abilities, of their post-secondary education institutions and programs.

[¶3] The amount of the monthly obligation reflects the fact that Elwood is a physician who is more able than Karen to contribute to their children's college expenses. The Child Support Worksheet filed with the original divorce agreement indicated that Elwood's annual income was then $220,000. For 2018, the court (*Cashman, J.*) supportably found that Elwood had an annual earning capacity of $200,000. The court also determined that Elwood had an outstanding child support arrearage of between $110,644 and $128,671.98.

[¶4] Since the entry of the agreed upon divorce judgment, Elwood has consistently failed to meet his obligations, including payment of child and spousal support, pursuant to the divorce judgment and subsequent court orders.[1] His repeated failures to comply with the divorce judgment have led to

---

[1] The docket entries for this case file in the District Court cover four pages from filing to the entry of the divorce settlement and thirty-three pages, indicating contested motions to enforce, motions for contempt, motions to amend, and motions to modify, with associated scheduling entries, since the divorce.

enforcement orders and several findings of contempt against him. In May 2018, Karen filed another motion for contempt and a motion to enforce—the matter now before us—alleging that their son was in college and that Elwood had refused to give their son necessary money for college expenses, as required by the College Expenses provision in the settlement agreement. Karen also sought an accounting of their daughter's college fund, which Elwood had refused to provide.

[¶5] The court held a hearing on the motion to enforce in April 2019. Elwood did not attend the hearing but appeared through counsel. He now argues that his due process rights were violated because he was "never officially notified" of the date of the hearing and because he was "never served in hand with notice of [the] hearing."[2]

[¶6] At the hearing, Elwood's attorney (1) indicated that his client "appeared through counsel," and (2) cross-examined Karen, the only witness. Elwood's briefs say nothing about how his presence might have affected the court's conclusions. Elwood has failed to demonstrate that he was denied due process because he had notice of the proceeding, he "had the opportunity—

---

[2] A contempt subpoena must be served in hand. *See* M.R. Civ. P. 66(d)(2)(C). Because Elwood failed to appear and because he asserted that he had not received in-hand service, the court continued the contempt hearing and proceeded only on Karen's motion to enforce.

4

through [his] attorney—to examine witnesses and respond to claims and evidence, and . . . [he] has failed to demonstrate on appeal how [his] participation in . . . the [hearing] . . . could have affected the court's findings." *In re Child of Danielle F.*, 2019 ME 65, ¶ 6, 207 A.3d 1193 (citation omitted).

[¶7]   After the hearing, the court granted Karen's motion to enforce, ordering Elwood to release the money in his son's college account and to provide an accounting of his daughter's fund.  In its judgment, the court supportably found that Elwood's son had nearly completed his third year of college and had borrowed $88,000 to pay his college expenses and that, other than a wire transfer of $4,258, Elwood has not contributed financially to his son's college education.  The court also granted Karen's motion for attorney fees, awarding her $4,000 for prosecution of the motion to enforce.  Elwood appealed the court's judgment granting the motion to enforce and the award of attorney fees.  *See* M.R. App. P. 2B(c)(1).

[¶8]  Reviewing the court's order on the motion to enforce, we discern no error of law or abuse of discretion in the court's findings, its judgment, or its award of attorney fees to Karen.  Accordingly, we affirm the judgment on the motion to enforce.  *See McBride v. Worth*, 2018 ME 54, ¶ 10, 184 A.3d 14.

B.      Motion for Sanctions

[¶9]   By a separate motion pursuant to Maine Rule of Appellate Procedure 13(f), Karen timely requested sanctions for filing a frivolous or contumacious appeal.  The motion for sanctions is being considered here with the merits of the appeal.  When a separate motion for sanctions has been filed, we may, "upon a determination that an appeal, argument, or motion is frivolous, contumacious, or instituted primarily for the purpose of delay, . . . award an opposing party or their counsel a sanction that may include treble costs and reasonable expenses." *Lincoln v. Burbank*, 2016 ME 138, ¶ 62, 147 A.3d 1165.

[¶10]   As with other rules of appellate procedure, the rules regarding sanctions are applied equally to represented and unrepresented parties, and determinations that an appeal is frivolous do not depend on whether a party is represented by counsel.  *See   Edwards v. Campbell,* 2008 ME 173, ¶ 11, 960 A.2d 324 ("[S]elf-represented litigants are held to the same standards as represented parties.").  Being unrepresented provides no exemption or excuse from Elwood's responsibility to comply with the rules and obligations of appellate practice.  *See Dep't of Health & Human Servs. v. Tardif,* 2009 ME 75, ¶ 7, 976 A.2d 963.

[¶11]  A sanction is warranted for this frivolous appeal.  Elwood's briefs, instead of asserting legal arguments, are mostly filled with unfounded and disparaging accusations against Karen, her attorney, and the District Court. Elwood suggests that Karen and the District Court have somehow conspired to leave him destitute—even though the court has found that his earning capacity is in the range of $200,000 a year.

[¶12]  In his reply brief, Elwood cites to the Thirteenth Amendment to the United States Constitution, which outlaws slavery, and asserts that the District Court's enforcement of his child and spousal support obligations is akin to modern-day involuntary servitude.  This is a frivolous and contumacious argument, indicative of the baselessness of Elwood's claims on appeal.  Notably, neither child support nor spousal support—only payment for his children's college education—is addressed in the judgment from which this appeal is taken.  This is emblematic of Elwood's briefs, in which he raises myriad complaints that have nothing to do with the judgment granting Karen's motion to enforce.  The few issues that *may* be properly before us are inadequately briefed, *see Mehlhorn v. Derby*, 2006 ME 110, ¶ 11, 905 A.2d 290, and Elwood's arguments regarding these issues are frivolous.

[¶13] Elwood's obstinate refusal to respect the obligations imposed by the divorce judgment and subsequent court orders—despite numerous court orders and contempt findings against him over the years—and his vitriolic attacks against Karen and the court are not excused by his status as an unrepresented party. *Cf. Whittet v. Whittet*, 2017 ME 156, ¶ 4, 167 A.3d 1258; *Lincoln*, 2016 ME 138, ¶¶ 62-64, 147 A.3d 1165.

[¶14] Karen has demonstrated that she is entitled to reasonable attorney fees in an amount not to exceed $4,000 plus treble costs for her defense of this frivolous appeal. The Clerk of the Law Court is directed to certify to the trial court costs in an amount three times the actual amount of costs shown by any timely bill of costs that Karen files. *See* M.R. App. P. 13(c)-(d). The matter will be remanded to the trial court to determine the appropriate amount of attorney fees generated by Karen's defense of this appeal. *See Waterhouse v. Kelleher,* 2007 ME 51, 918 A.2d 436 (explaining that when we determine a party to an appeal is entitled to attorney fees, we may remand for the trial court to determine the amount of attorney fees).

The entry is:

> Judgment affirmed. Remanded to the District Court for further proceedings as indicated in this opinion.

8

Elwood L. Fox, appellant pro se

Judy Potter, Esq., Cape Elizabeth, for appellee Karen A. Fox

Portland District Court docket number FM-2010-6
FOR CLERK REFERENCE ONLY