MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2023 ME 5
Docket:       Ken-22-111
Submitted
  On Briefs:  November 17, 2022
Decided:      January 12, 2023

Panel:        STANFILL, C.J., and MEAD, JABAR, CONNORS, and LAWRENCE, JJ.

NADINE R. AUBUCHON

v.

FRANKLIN D. BLAISDELL JR.

PER CURIAM

[¶1]  Franklin D. Blaisdell Jr. appeals from the District Court's (Waterville, *Dow, J.*) final judgment and order in his divorce from Nadine R. Aubuchon. Blaisdell asserts the court violated his due process rights by not holding a trial and that the court made impermissible changes to the parties' mediation agreement.  Aubuchon seeks an award of attorney fees for responding to this appeal.  We affirm the judgment, and because we conclude that the appeal is frivolous and contumacious within the meaning of M.R. App. P. 13(f), we impose sanctions.

## I.  BACKGROUND

[¶2]  The parties married on November 15, 2013.  Months prior to the marriage, the couple began discussions regarding a premarital agreement

2

(PMA), with terms finalized two months prior to the marriage and the document executed four days before the ceremony. Aubuchon filed for divorce, with the PMA attached to the complaint, on February 14, 2020. Blaisdell contested the enforceability of the PMA, and the court (*Rushlau, J.*) issued an order on March 9, 2021, finding the PMA fully enforceable, stating that Blaisdell's "testimony as a whole is so replete with implausible claims that it is difficult if not impossible to credit his claim [that] he did not understand the agreement."[1]

[¶3] Enforcement of the PMA left only the parties' personal property acquired during the marriage and a jointly owned business left to be divided by the court. The jointly owned business, Blaisdell Financial Consulting LLC (BFC) was formed in 2015. On August 11, 2020, Blaisdell filed a civil complaint in the District Court alleging fraud and other various tortious acts by Aubuchon in conjunction with her duties to BFC. Aubuchon denied the allegations and asserted several counterclaims against Blaisdell. As litigation proceeded,

---

[1] The court held multiple hearings on the enforceability of the PMA, and each party submitted written arguments and rebuttals to the court. The court found that Blaisdell contested the PMA in bad faith and that his testimony regarding the formation of the contract changed as evidence that contradicted his story was produced. As such, on April 30, 2021, the court ordered Blaisdell to pay Aubuchon's attorney fees for the cost of litigating the PMA. Blaisdell was ordered to pay the lump sum amount of $7,745.16 within thirty days; however, Blaisdell did not comply. When the parties attended mediation on November 19, 2021, Aubuchon agreed to relinquish claims to the remaining amount owed by Blaisdell. On appeal, Blaisdell mischaracterizes the negotiated agreement and states that he was "award[ed] attorney fees back to [him]."

Blaisdell maintained that a forensic accountant would show Aubuchon's wrongdoing, but Blaisdell never proffered an expert witness or provided any evidence of the alleged misconduct. On September 14, 2021, the civil case was consolidated with the divorce case.

[¶4] On November 19, 2021, the parties and their counsel attended a telephonic court-ordered mediation where they reached an agreement. The mediation agreement largely followed the PMA and provided that BFC would be set aside to Blaisdell. The parties additionally agreed to the following:

> The parties will indemnify and hold harmless the other party for any action or inaction occurring personally or through the business since the filing of the divorce.

> Neither party will institute or maintain any civil action against the other for claims arising out of the marriage or arising out of or related to BFC or any actions or omissions by either of them in the scope of their duties for BFC. Parties agree to mutually release each other from all other claims. This does not include liability for any claims resulting from claims asserted by third parties against the parties.

> The parties will dismiss the pending civil action with prejudice and without cost.

> Finalization of the divorce will be sought by both parties forthwith.

[¶5] After the mediation session, Blaisdell arguably triggered the indemnity and hold harmless terms of the agreement by publicly posting accusatory statements about Aubuchon's handling of the business. Blaisdell's

counsel then withdrew from the case, stating that, "[Blaisdell] has instituted a course of conduct that could result in a violation of the rules of professional conduct if representation continue[d]."

[¶6] Afterwards, Blaisdell sent a letter to the court acknowledging that the mediation agreement was final and fully binding. Representing himself, Blaisdell proceeded to communicate directly with Aubuchon's counsel regarding the proposed final order for the court. Blaisdell again asserted various acts of wrongdoing by Aubuchon, and contended that forensic accountants would prove his allegations. In an attempt to get more favorable settlement terms, Blaisdell threatened to file criminal charges against Aubuchon if she did not agree to changes in the proposed final judgment.

[¶7] On January 26, 2022, the court held a pretrial status hearing and discussed a proposed final judgment submitted by Aubuchon and Blaisdell's objections to the proposal. The proposal incorporated all the terms of the mediation settlement agreement and included additional provisions to address post-mediation conduct by Blaisdell. During the hearing, the court ordered Blaisdell to provide his objections in writing.

[¶8] Blaisdell's written objection included a competing proposal and an affidavit in which Blaisdell stated that the mediated agreement was "legally

agreed to by both parties" and that he was willing to live with the negotiated agreement. Blaisdell asked the court to delay issuing the final judgment until after criminal complaints he submitted to the Kennebec County Sheriff were acted upon. For the first time since litigation began, Blaisdell attached "forensic accounting reports" allegedly showing Aubuchon's acts of wrongdoing and he also asserted Aubuchon improperly accessed his email in violation of federal law.[2]

[¶9] The court denied Blaisdell's objections and granted Aubuchon's motion for entry of judgment on March 28, 2022. The final judgment mirrored the provisions of the PMA and mediation settlement. The court added the following three provisions:

> Notwithstanding any of the preceding provisions, no release of claims set forth herein shall extend to any claims arising out of false or defamatory statements made by the parties, or any other actions taken by the parties in bad faith, on or after November 19, 2021. All such claims are expressly reserved. Furthermore, the dismissal of the claims in the [civil case] shall not bar any claims relating to false or defamatory statements made by the parties, or any other actions taken by the parties in bad faith, on or after November 19, 2021.

[2] On appeal, Blaisdell reasserts this allegation along with numerous claims of criminal activity by Aubuchon that are irrelevant to the case. Of importance, Blaisdell emphasizes on appeal that Aubuchon "stole" his federal stimulus payment. The stimulus funds were litigated early in the proceedings and the court (*Montgomery, J.*) ordered Aubuchon to pay Blaisdell the $1,200 stimulus money on July 2, 2020. Blaisdell mischaracterizes the court's order as finding Aubuchon "guilty of theft."

6

> The parties shall not disparage each other to any third party with respect to their respective conduct as owners, members, or managers of BFC, nor with respect to their professional competency or personal integrity. The [c]ourt understands that [Blaisdell] has made recent reports to law enforcement relating to [Aubuchon], which are excepted from this non-disparagement provision. To the extent that [Aubuchon] has defamation or other claims based on these reports, however, those claims are preserved.
>
> The Court hereby dismisses all claims and counterclaims set forth in the Civil Action, with prejudice and without costs, with the exception of any claims [Aubuchon] may have for false or defamatory statements made by [Blaisdell], or any other actions taken by [Blaisdell] in bad faith, on or after November 19, 2021, which are dismissed without prejudice. Nothing in this Final Judgment or Order should be interpreted to bar [Aubuchon]'s ability to bring any claim against [Blaisdell] for statements made about her on or after November 19, 2021.

In addition, the court granted Aubuchon's separate motion to seal the motion for entry of judgment and awarded Aubuchon her attorney fees incurred in litigating the motion for entry of judgment. Blaisdell filed a motion to reconsider, which was denied. Blaisdell timely appealed.

## II. DISCUSSION

[¶10] On appeal, Blaisdell contends that the court violated his due process rights by not holding a trial and that impermissible changes were made

to the mediation agreement in the final divorce judgment.[3] Aubuchon has filed a motion seeking M.R. App. P. 13(f) sanctions in the form of "attorneys' fees and costs incurred in connection with this appeal."

## A. Due Process

[¶11] Blaisdell contends that his due process rights were violated because the court did not hold a trial before issuing the final judgment. "We review de novo whether an individual was afforded procedural due process. The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mitchell v. Krieckhaus*, 2017 ME 70, ¶ 16, 158 A.3d 951 (alteration and quotation marks omitted). "[N]o final judgment [in a family matter] shall be entered in an original action under these rules except after [a] hearing." M.R. Civ. P. 115(a).

[¶12] The court held a hearing on January 26, 2022, where Blaisdell was heard, and the court ordered Blaisdell to reduce his arguments to writing. At

---

[3] Blaisdell also appealed the award of attorney fees and the court's grant of the motion to seal; however, Blaisdell has waived any challenge to these orders by failing to develop any argument in his briefing. *See Mehlhorn v. Derby*, 2006 ME 110, ¶ 11, 905 A.2d 290.

For the first time on appeal, Blaisdell is seeking that the final judgment be vacated because "the division of marital property is based on alleged acts of theft by deception, embezzling, and check fraud under an active criminal investigation." The issue has likewise been waived. *See Homeward Residential, Inc. v. Gregor*, 2017 ME 128, ¶ 9, 165 A.3d 357 ("To preserve an issue for appeal, the party seeking review must first present the issue to the trial court in a timely fashion").

no time prior to the issuance of the final order did Blaisdell request a trial on the merits. The court thus afforded Blaisdell a meaningful opportunity to be heard both at the January hearing and through his subsequent filing.

## B.    Additional Provisions in the Final Judgment

[¶13]  Blaisdell contends that the final divorce judgment entered by the court fails to accurately incorporate the terms of the parties' agreement because additional provisions with which he disagrees are included. "[T]his is a family matter, where the court is called upon to exercise its authority in equity. . . ." *Cloutier v. Cloutier*, 2003 ME 4, ¶ 7, 814 A.2d 979. "An agreement reached by the parties through mediation on issues must be reduced to writing, signed by the parties and presented to the court for approval as a court order." 19-A M.R.S. § 251(3) (2022). "As to the additional language used by the court in [a] divorce judgment . . . our review is deferential, and is limited to whether the court exceeded the bounds of its discretion. Unless we can determine that the court has violated some positive rule of law or has reached a result which is plainly and unmistakably an injustice that is so apparent as to be instantly visible without argument, the ruling appealed from must be approved." *Webb v. Webb*, 2005 ME 91, ¶ 4, 878 A.2d 522 (alteration, quotation marks, and citation omitted).

[¶14]  The final judgment mirrors the mediated agreement, except for the three provisions stated above.  The court explained the need for the additional provisions as follows:

> The [c]ourt finds that, given the conduct of [Blaisdell] after the mediation in this matter, the alteration of the parties' agreement to include [the above provisions] is appropriate. This conduct created a substantial change in the circumstances of the parties which can be reasonably addressed with the language in the referenced paragraphs, and it would be unfair to [Aubuchon] to leave the relevant issues unaddressed.

[¶15]  There is no violation of a positive rule of law or an injustice that is apparent in the additional provisions.  Contrary to Blaisdell's assertion, the additional language does not add anything substantive to the decision of the court; rather, the provisions merely confirm the limited nature of the settlement agreement.  The mediated settlement agreement released each party for past misdeeds and the additional language simply underscores the fact that there is no acquiescence to future misdeeds.

## C.    Sanctions

[¶16]  Aubuchon has moved to recover attorney fees and costs incurred in connection with this appeal.  *See* M.R. App. P. 13(f).  Aubuchon argues that "[Blaisdell] has not offered any good faith arguments that the [trial] court abused its discretion in deciding to add the [a]dditional [p]rovisions to the

judgment, in light of his admitted statements about [Aubuchon], and the documented evidence of his other post-mediation conduct."

[¶17]  We may, "upon a determination that an appeal, argument, or motion is frivolous, contumacious, or instituted primarily for the purpose of delay, . . . award an opposing party or their counsel a sanction that may include treble costs and reasonable expenses." *Lincoln v. Burbank*, 2016 ME 138, ¶ 62, 147 A.3d 1165.  "Sanctions are appropriate in egregious cases, namely when a party seeks relief with no reasonable likelihood of prevailing, thereby increasing litigation costs and wasting time and resources.  To support a finding of frivolousness, some degree of fault is required, but the fault need not be a wicked or subjectively reckless state of mind; rather, an individual must, at the very least, be culpably careless to commit a violation."  *Whittet v. Whittet*, 2017 ME 156, ¶ 3, 167 A.3d 1258 (quotation marks and citation omitted).

[¶18]  In this appeal, Blaisdell has presented himself as a victim of economic abuse and misconduct, theft, and other criminal activity perpetrated by Aubuchon, and he has asserted that the District Court was complicit in ignoring his claims.  Blaisdell attempts, as he did in the trial court, to use alleged criminal activity by Aubuchon to have this Court vacate the final judgment and declare the PMA unenforceable.  Blaisdell was twice sanctioned in the trial

court because of similar activity, where the court concluded that Blaisdell's litigation of the PMA was undertaken in bad faith.

[¶19] Further, many of Blaisdell's assertions are misrepresented and issues that might properly be before this Court are inadequately briefed, contrary to the requirements of M.R. App. P. 7A(a)(1)(E), (2)(A), and (c). "As with other rules of appellate procedure, the rules regarding sanctions are applied equally to represented and unrepresented parties, and determinations that an appeal is frivolous do not depend on whether a party is represented by counsel." *Fox v. Fox*, 2019 ME 163, ¶ 10, 221 A.3d 126. "Being unrepresented provides no exemption or excuse from [Blaisdell's] responsibility to comply with the rules and obligations of appellate practice." *Id*.

[¶20] Given the above, we conclude that Blaisdell should be sanctioned for this frivolous and contumacious appeal. We hereby award treble costs and attorney fees to Aubuchon for the prosecution of this appeal. Aubuchon may, within fourteen days after the date of this decision, file her request for costs and attorney fees, accompanied by an affidavit of counsel. Blaisdell may file a response to the request within seven days of the filing of the request.

The entry is:

> Judgment affirmed. Aubuchon is awarded attorney fees and costs for the prosecution of

this appeal. Aubuchon shall file her request for treble costs and attorney fees, along with an affidavit of counsel. Blaisdell may file a response within seven days of the filing of Aubuchon's request.

The request will be considered in the same manner as motions pursuant to M.R. App. P. 10, and the decision of the Court is subject to a motion for reconsideration but not to any appeal or other form of review.

---

Franklin D. Blaisdell Jr., appellant pro se

Teresa M. Cloutier, Esq., Cloutier Carrillo, Augusta, for appellee Nadine R. Aubuchon

Waterville District Court docket numbers FM-2020-43 and CV-2020-63
For Clerk Reference Only