STATE OF MAINE                              SUPERIOR COURT
AROOSTOOK, SS.                              CIVIL ACTION
                                            DOC. NO. CARSC-RE-2020-026


Calvin J. Ouellette,                        ]
                                            ]
              Plaintiff,                     ]
                                            ]
v.                                          ]     ORDER ON MOTION FOR
                                            ]     SUMMARY JUDGMENT
Inhabitants of the Town of                  ]
Frenchville                                 ]
                                            ]
              Defendants                     ]
                                            ]


        This matter comes before the Court on the Defendant's motion for summary

judgment dated September 20, 2022.    Plaintiff filed an objection to the motion for

summary judgment dated October 11, 2022.  Defendant filed a response to the objection

dated October 25, 2022.  A hearing was held on the motion on December 29, 2022.  The

court has reviewed the pleadings and considered the arguments of counsel.  The court

finds and orders as follows:

        The parties in this matter were also parties in the matter of *Ouellette v. Frenchville,*

*et. als* CARSC-CV-2016-126.  That action was resolved by way of a Declaratory Judgment

dated January 16, 2018 that: (1) included a Quitclaim Deed of a portion of Pelletier

Avenue to the Town of Frenchville, (2) determined the status of Pelletier Avenue in

Frenchville as a public way and road, without limitation on its use by the public,

including paving and maintenance thereof, and (3) obligated the Town of Frenchville to

provide access grading and drainage slopes by October 31, 2018. Although there was some post-judgment activity in CARSC-CV-2016-126, the final judgment remains of record and was not appealed by either party (hereinafter referred to as "the Judgment").

Plaintiff Calvin J. Ouellette (the "Plaintiff") alleged in his Complaint that (1) the Inhabitants of the Town of Frenchville (the "Town") failed to comply with the obligation in the Judgment to provide access grading and drainage slopes such that the Plaintiff suffered erosion damage to the soil and potato crop, and (2) that such failure will require Plaintiff to incur significant expenses to perform the excavation to resolve the access and drainage and to install ditching and a culvert to resolve the access issue.

The Town has filed a motion for summary judgment alleging that there is no genuine issue of material fact that: (1) the neither the selectboard nor the Town Manager had the authority to bind the Town to the terms of the Settlement Agreement that was the basis for the Judgment, and (2) the harm alleged in the pending complaint arose after the Town's legal obligations with respect to Pelletier Avenue ceased to exist. The Plaintiff contends that the issues of authority could have and were presented to the court in CARSC-CV-2016-126 and no appeal was taken from the Judgment. Further, Plaintiff contends that the actions related to the discontinuance of Pelletier Avenue had no effect to the cause of action he has asserted.

## STANDARD OF REVIEW

The Court will grant a properly supported motion for summary judgment if "there is no genuine issue as to any material fact" and the moving party "is entitled to judgment as a matter of law." M.R. Civ. P. 56(c). "A material fact is one that can affect the outcome

2

of the case." *Lougee Conservancy v. City Mortgage, Inc.*, 2012 ME 103, ¶ 11, 48 A.3d 774. A genuine issue exists "when there is sufficient evidence for a fact-finder to choose between competing versions of the fact," *Id.* ¶ 11, "even if one party's version appears more credible or persuasive." *York Cty. v. PropertyInfo Corp.*, 2019 ME 12, ¶ 16, 200 A.3d 803.

The moving party has the initial burden of proving the absence of any genuine, material factual issues through a properly supported statement of material facts (S.M.F.) and of proving that the facts presented in that S.M.F., left uncontroverted, would entitle the moving party to judgment as a matter of law at trial. *See* M.R. Civ. P. 56(e); *Jennings v. Maclean*, 2015 ME 42, ¶ 5, 114 A.3d 667; *see also* 3 Harvey & Merritt, *Maine Civil Practice* § 56:6 at 242 (3d, 2018-2019 ed.) ("The initial burden under Rule 56 lies with the moving party to demonstrate clearly the absence of a genuine issue of material fact."). In determining whether the summary judgment record reveals a genuine dispute of material fact, the Court examines the facts, including any reasonable inferences that may be drawn therefrom, in the light most favorable to the nonmoving party. *See e.g., McCandless v. Ramsey*, 2019 ME 111, ¶ 11, 211 A.3d 1157; *Grant v. Foster Wheeler, LLC*, 2016 ME 85, ¶ 12, 140 A.3d 1242; *Maine Civil Practice* § 56:6 at 242. The question of whether the moving party has initially shown that he or she is entitled to judgment as a matter of law, depends on whether the moving party bears the ultimate burden of proof on the particular claim or defense at issue on the motion.

To meet its initial burden as the moving party, the Town must show either that its S.M.F. presents certain facts that would refute an essential element of Plaintiff's claims, or which indicate that Plaintiff is unable to muster the necessary evidence to set forth a

3

prima facie case. *See Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194-97 (5th Cir. 1986); *see also Waugh v. Genesis Healthcare LLC*, 2019 ME 179, ¶ 9, 222 A.3d 1063 (a defendant moving for summary judgment bears the initial burden of establishing that no genuine dispute of material fact exists and that undisputed facts entitle it to a judgment as a matter of law); M.R. Civ. P. 56(e)-(h). If the Town satisfies this burden, the Plaintiff must respond by producing the evidence necessary to "establish a prima facie case for each element of [his or her] cause of action." *Lougee Conservancy*, 2012 ME 103, ¶ 12, 48 A.3d 774. This standard requires only that the Plaintiff produce "enough evidence to allow the [trier-of-fact] to infer the fact at issue and rule in the party's favor." *Id.* If the Plaintiff fails to satisfy this burden as to any essential element of his cause of action, the Town is entitled to summary judgment on that claim. *Id.* ¶ 12; M.R. Civ. P. 56(e).

When a motion for summary judgment is made and supported as provided in Rule 56, "an adverse party may not rest upon the mere allegations or denials of that party's pleading but must respond by affidavits or as otherwise provided in [Rule 56] setting forth specific facts showing that there is a genuine issue for trial." *M.R. Civ. P. 56(e).*

## DISCUSSION

Plaintiff's Complaint is filed as a new cause of action, however Plaintiff made clear at the hearing that his Complaint is intended as a vehicle to enforce the Judgment and assess costs Plaintiff will incur to procure performance due to the Defendant's noncompliance. "The relief obtainable under Rule 70 for enforcement of a judgment for the doing of specific acts is sought by motion in the original action that produced the judgment. It is not necessary or even proper to bring a separate action." 3 Harvey &

4

Merritt, *Maine Civil Practice* § 70:1 at 367 (3d, 2014-2015 ed.)(*Citing, Adams v. Alley*, 308 A.2d 568 (Me. 1973). "The acts that the court appointee might perform are almost unbounded. . . The costs to which the court appointee may be put and which must be paid by the recalcitrant defendant are not mere court costs." *Id.* at 368 (*Citing, Clarke v. Chicago, B & Q R.R.*, 62 F.2d 440(C.C.A. 10th Cir. 1932)(Court allowed a marshal to enter into a contract with a construction company to abate a nuisance). As the Motion for Summary Judgment raises issues that would also be pertinent to a motion to enforce judgment, the court shall address them herein.

For the Plaintiff to prevail with his claims, he must show that there was a judgment that required specific acts and that the Defendant failed to perform those acts within the time specified. The primary thrust of the defense in its motion for summary judgment is that the individuals who participated in the underlying action on behalf of the Town lacked authority to bind the Town to the settlement agreement.

> "The doctrine of res judicata prevents the relitigation of matters already decided: 'The law is plain that [parties] cannot again come forward in the same legal mission against the same parties to secure a remedy . . . previously denied.' *Harriman v. Border Trust Co.*, 2004 ME 28, P5, 842 A.2d 1266, 1267 (quotation marks omitted); *see also Macomber v. MacQuinn-Tweedie*, 2003 ME 121, P22, 834 A.2d 131, 138-39. It consists of two components: issue preclusion and claim preclusion. *Macomber*, 2003 ME 121, P22, 834 A.2d at 138 . . . Issue preclusion, or collateral estoppel, 'prevents the relitigation of factual issues already decided if the identical issue was determined by a prior final judgment, and the party estopped had a fair opportunity and incentive to litigate the issue in a prior proceeding.' *Macomber*, 2003 ME 121, P22, 834 A.2d at 138-39 (quotation marks and alteration omitted). Whereas claim preclusion is focused on the claims set forth in the prior proceeding, collateral estoppel concerns factual issues, and applies even when the two proceedings offer different types of remedies. *Id.* P22, 834 A.2d at 139." *Portland Water Dist. v. Town of Standish*, 2008 ME 23, P9, 940 A.2d 1097, 1100.

The issue of the scope of the authority of the agent of the Town to enter into the stipulation and agreement was necessarily decided by the Court. The Judgment makes clear that it was a stipulation and agreement. If that Judgment was predicated upon erroneous facts as to authority and whether it was indeed a stipulation and agreement, the Town could have raised this issue in the underlying matter by way of a Rule 60 motion. That is precisely what the Town did. The fact that the Town abandoned this argument by withdrawal of its Rule 60 motion has the net result of a final, unchallenged judgment that includes findings that the judgment was by stipulation and agreement. Based on the foregoing, the Court finds that the Town is not entitled to judgment in its favor as to the enforcement of the Judgment.

As noted above, the issues presented by the Plaintiff's "Complaint" related to the judgment does not sound in negligence or failure to comply with a statutory duty to maintain the road. It was a duty set forth in the Judgment. There is an issue of material fact as to what the Town did to satisfy its obligation pursuant to the Judgment.

Defendant's Motion for Summary Judgment is **DENIED**.

Pursuant to M.R.Civ.P. 1 and 42(a), this matter is consolidated with CARSC-CV-2016-126 and the Complaint herein shall be treated as a Motion to Enforce the Judgment. See, *Adams v. Alley*, 308 A.2d 568, 572 (Me. 1973)("Although the Plaintiffs labelled their request for the Court's assistance in enforcement of the Court's order a "Complaint to Enforce Judgment" it should more properly have been docketed as a "Motion to Enforce a Judgment" and we consider it to have been such."). The matter shall proceed under the

6

docket number CARSC-CV-2016-126 and the Clerk shall set the matter for a pretrial conference in advance of the final hearing on the Motion to Enforce the Judgment.

The Clerk is directed to incorporate this Order upon the docket by reference in accordance with M.R. Civ. P. 79(a).

Dated: 2/9/2023

_____
JUSTICE, MAINE SUPERIOR COURT

7